Alfred RIGGS and Virginia RIGGS *v.*
Hoyt THOMAS

84-130                                          671 S.W.2d 756

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Mills, Patterson & Shaffner,* by: *William P. Mills,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

GEORGE ROSE SMITH, Justice. More than four years after the appellee Hoyt Thomas, a lawyer, had given an opinion approving the title to land being purchased by the appellants, they brought this action against Thomas for damages resulting from his asserted negligence in failing to mention in his opinion that the seller did not have title to the minerals. On agreed facts the trial court entered judgment for the defendant on the ground that the cause of action was barred by the three-year statute of limitations. Ark. Stat. Ann. § 37-206 (Repl. 1962). Our jurisdiction of the appeal is under Rule 29 (1) (c).

Counsel for the appellants concede that it has long been the law in Arkansas that the statute of limitations in an action against an attorney for negligence begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered by the client. *White* v. *Reagan,* 32 Ark. 281 (1877); *Wright* v. *Langdon,* 274 Ark. 258, 623 S.W. 2d 823 (1981). The same rule applies to an action brought against an abstractor for damages resulting from an omission in the abstract of title. *St. Paul Fire & Marine Ins. Co.* v. *Crittenden Abstract & Title Co.,* 255 Ark. 706, 502 S.W. 2d 100 (1973). Counsel argue that we should overrule our prior cases, because an injustice occurs when the statute has run before the error is discovered. That may be true, but a countervailing consideration is that the contrary rule would permit the plaintiff to bring suit many years after the damage had actually occurred and at a time when witnesses might no longer be available. If such a marked change is to be made in the interpretation of statutes that have long been the law, it should be done prospectively by the legislature, not retrospectively by the courts.

Affirmed.

DUDLEY, J., not participating.