Michael SIMPSON and Janetta Brock Simpson *v.* Danny HURT and Budget Transmission, Inc.

87-202                                          740 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*Gary Eubanks and Associates*, by: *James Gerard Schulze*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellees.

STEELE HAYS, Justice. This is an appeal from a defendant's

verdict in a personal injury action arising from a motor vehicle collision. Appellants are Mr. and Mrs. Michael Simpson. Appellees are Danny Hurt and Budget Transmissions, Inc. The collision occurred when the Simpsons turned onto Phyllis Street in North Little Rock as Danny Hurt was backing from a parking area of Budget Transmissions, Inc. The testimony of the Simpsons and Hurt was conflicting on the issue of who was at fault and the jury resolved that question in favor of the defendants by a vote of eleven to one. The Simpsons have appealed from the adverse verdict, contending that the trial court erred in admitting over their objection evidence of obscene remarks allegedly made by the Simpsons immediately after the collision, and in refusing to instruct the jury in accordance with AMI 2203, aggravation of preexisting injuries. We affirm the judgment.

Danny Hurt testified that "Right after the wreck, I got out and both of them jumped out of the car, screaming and yelling. Mr. Simpson said, 'Didn't you see me coming, you mother f----r,' and she said it too, not just Mr. Simpson. She was jumping around, acting crazy. I got out of there and got my dad. I got my dad, had him come out there." While Mr. Simpson denied using obscenities, he testified that this was the third accident he had been involved in, that he was tired of people running into him and he was "very upset" following the collision. He acknowledged apologizing before leaving the scene. Mrs. Simpson's testimony was essentially the same.

The prejudicial import of the language attributed to the Simpsons is self-evident. However, we cannot say it is so lacking in relevance that the trial judge abused his discretion in receiving it. The Simpsons were claiming extensive injuries and their actions, demeanor and behavior immediately following the impact casts some light on their claims. The trial court has discretion in determining the relevance of evidence [*Clawson* v. *Rye*, 281 Ark. 8, 661 S.W.2d 354 (1983); *Riegler* v. *Riegler*, 262 Ark. 70, 553 S.W.2d 37 (1977)] and in gauging its probative value against unfair prejudice. A.R.E. Rule 403. While these remarks, if made, are plainly inflammatory, we are not prepared to adopt a rule which would effectively immunize litigants from the consequences of their own conduct when it is otherwise germane. A.R.E. Rule 803(1), (2), (3).

■ Secondly, the Simpsons maintain that, having been injured in previous collisions, they were entitled to AMI 2203, which told the jury it should consider "the full extent of any injury sustained, even though the degree of injury is found by you to have proximately resulted from the aggravation of a condition that already existed and that predisposed Michael Simpson (or Janetta Simpson) to injury to a greater extent than another person." It was not obligatory on the trial court to give the instruction. Neither the Simpsons nor their medical experts testified that their present complaints were the result of an aggravation of earlier injuries. Dr. G. Morrison Henry treated Mrs. Simpson and related her symptoms to the accident with Hurt. ("I think the accident caused *all of this*.") Dr. Jon Harrol Dodson testified about Mr. Simpson's injuries, i.e., "I felt this was a new injury, as opposed to a recurrence of the injury I had treated him for in the past." And, elsewhere, "In my opinion, he had recovered completely from that prior accident and he had *a new injury* on that day." (Our emphasis.) With respect to Mrs. Simpson, Dr. Dodson said, "In my opinion, she had a complete recovery from the prior accident at that time."

The Simpsons rely entirely on a conjectural response by Dr. Dodson to a question by plaintiff's counsel, "Does a person who has had back injuries in the past, would that predispose them, or make them more susceptible to a back injury again?" To which the witness answered, "Yes, it can." In view of the decisive medical testimony relating the entirety of the plaintiffs' complaints to the current accident and the absence of any testimony from either Mr. or Mrs. Simpson suggesting aggravation as an issue, we hardly think it was compulsory on the trial court to give AMI 2203 based on the abstract response quoted above. In fact, when the instruction was being discussed in chambers, the court asked counsel directly if he wanted to claim preexisting condition. He answered, "I want to claim that this is a new injury, but that's a possibility and there's circumstantial evidence, since they are saying, 'my back was injured in the same place,' that their prior injury may have had some effect on this."

We believe the instruction as given, including AMI 2202, telling the jury in fixing the amount of a recovery to consider the nature, extent, duration and permanency of *any injury* was sufficient under the proof. *Baxter* v. *Grobmeyer Bros. Construc-*

*tion Co.*, 275 Ark. 400, 631 S.W.2d 265 (1982).

Affirmed.