Samuel L. LEWIS *v.* James Keith CROWE, et al.

88-18                                   752 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered July 11, 1988

*Walter A. Murray*, for appellant.

*Baxter, Eisele, Duncan & Jensen*, for appellees.

JOHN I. PURTLE, Justice. This is an appeal from a judgment of the circuit court awarding the appellees the sum of $269,799 for damages suffered as a result of an automobile collision. The trial court granted the appellees a default judgment and made a factual determination as to the award of damages. On appeal the appellant argues that the trial court (1) erroneously awarded the default judgment; (2) made an award which is excessive and not supported by substantial evidence; and (3) erroneously rejected the appellant's motion for a continuance. We are not persuaded that any of these arguments merit reversal of the decision of the trial court. Therefore, the judgment is affirmed.

On December 1, 1986, the appellant and appellee were involved in an automobile accident in North Little Rock, Arkansas. The appellee was a resident of Saline County and the appellant was a resident of Jefferson County, Arkansas. The complaint was filed in Saline County on December 16, 1986, and the appellant was served in Jefferson County by registered mail on January 8, 1987. The complaint alleged that the accident was a result of the negligence of the appellant. An answer was not filed until April 7, 1987. The answer denied any negligence on the part of the appellant and alternatively alleged contributory negligence.

State Farm Insurance Company subsequently filed a complaint in intervention to recover payments made to the appellee

for lost wages resulting from the injuries received at the time of the collision. National Medical Rentals, owner of the automobile the appellee was driving at the time, also filed an intervention in which it sought to recover for the loss of the value of the automobile. Additionally, St. Paul Fire and Marine Insurance Company, the appellee's employer's workers' compensation carrier, filed an intervention seeking recovery pursuant to Section 40 of the Workers' Compensation Act (Ark. Code Ann. § 11-9-410 (1987)).

On March 12, 1987, no answer having been filed, appellee's attorney wrote a letter to the Reynolds Insurance Agency which he believed carried insurance on the vehicle the appellant was driving at the time of the occurrence. The letter informed Reynolds that the appellee understood that Reynolds carried a liability policy insuring the vehicle driven by Lewis and owned by David L. Edwards. The letter stated that a default judgment had not yet been taken and that the appellee would be willing to allow an answer to be filed "if I would simply be contacted." On April 6, 1987, the appellant's attorney contacted the appellee's attorney and informed him that an answer would be filed. An answer was in fact filed the following day.

Subsequent to the filing of the answer, the three previously mentioned interventions were filed. The appellant's lawyer filed an answer to State Farm's intervention, but no answer was filed to the complaint in intervention of St. Paul Fire and Marine or that of National Medical Rentals.

At the trial by the court on September 30, 1987, the court found that the appellant was aware of the interventions and that they would be allowed. The court awarded St. Paul and State Farm judgments which were included in the judgment for $267,000 awarded the appellee. A separate judgment in favor of National Medical Rentals, Inc., in the amount of $2,799 was rendered by the court.

Appellee, National Medical Rentals, has filed a motion to strike the appellant's reply brief on the grounds that the appeal as to them was not perfected. In view of our decision in this appeal, this motion is moot.

The first argument the appellant raises is basically

that the trial court erred in granting the default judgment because the appellee's attorney waived the right to the default judgment by voluntarily agreeing that an answer could be filed at a time when the defendant was already in default. In *Webb* v. *Lambert*, 295 Ark. 438, 748 S.W.2d 658 (1988), we held, citing ARCP Rule 12(a) (1987), that a resident defendant is required to file an answer within 20 days of the date of service upon the defendant and that "file" means that the answer " 'shall be filed with the clerk of the court' Rule 5(c), or with the judge, Rule 5(d)." In *Webb* we held that the failure to file the answer according to the rules requires that the court *shall* enter a default judgment under ARCP Rule 55(a) "unless there is excusable neglect, unavoidable casualty, or other just cause as provided in Rule 6(b)." See also ARCP Rule 55(c) (1987). We have held that it is an abuse of discretion for the trial court to refuse to grant a default judgment after the period for an answer has expired in the absence of excusable neglect, unavoidable casualty, or other just cause. *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). In the present case we have concluded that the trial court's determination that there was no valid reason under the rules for allowing an untimely answer was not clearly against the preponderance of the evidence.

Even though both *Webb* and *DeClerk* involved default judgments, neither considered the issue of waiver. The only evidence of waiver in this case is appellee's attorney's letter of March 12, 1987, offering to allow an answer to be filed. An answer was filed 25 days later. The answer denied negligence and alternatively argued contributory negligence on the part of the appellee. The motion for a default judgment was filed by the appellee on September 23, 1987. On September 25, 1987, the appellant's attorney responded to the motion and asserted waiver. A copy of the letter of March 12, 1987, was attached to this response. Between March 12, 1987, and the date the default judgment was entered, September 30, 1987, numerous pleadings were filed. These pleadings generally related to the interventions, discovery and requests for a continuance. There were no pleadings relevant to the issue of a default judgment nor was there an assertion of waiver until the September 23 motion of the appellee.

We have not been cited a factually similar case, nor do we find any precedent of this court on the issue of "waiver" of the

right to a default judgment under the circumstances of this case. The rules do not provide for a waiver. However, Rule 55(c) provides that the court may set aside a default judgment previously entered upon a showing of excusable neglect, unavoidable casualty or other just cause. Obviously, it was the intent of this rule to require a judgment to be entered against a defaulting defendant unless the exceptions set out in Rule 6(b) were present. In the present case the trial court made a factual determination, which was virtually uncontested, that there was no just cause under Rule 6(b) to refuse to enter a default judgment.

The statement of appellee's counsel that he had expressly reserved the right to a default judgment was virtually uncontested. The court gave both appellant's and appellees' attorneys unlimited discretion in discussing the issues and status of the case prior to default being granted and proof of damages being received. Although the attorneys were not sworn as witnesses, the court was entitled to rely on their word and give it consideration, especially when it was uncontradicted. There was no material factual dispute. The difference of opinion is the manner in which the law was applied to the facts.

In granting the default judgments to the appellees, the trial court specifically found that there was no evidence of excusable neglect, unavoidable casualty, or other just cause to excuse the failure to timely file an answer. The trial court also found that there had been no waiver by the plaintiff of his right to a default judgment. As previously discussed, we have not been cited, nor do we find, any precedent of this court or any rule of procedure concerning "waiver" of the right to a default judgment. In *Webb* this court held that upon the failure of a resident defendant to file an answer within 20 days, the court *shall* grant a default judgment *unless there is excusable neglect, unavoidable casualty, or other just cause*. We therefore conclude that, under the circumstances of this case, the trial court did not err in awarding the default judgment. Moreover, there is no provision under Arkansas law for "waiver" of the right to a default judgment.

Appellant's second argument is that the trial court's award of damages was excessive and not supported by substantial evidence. The deposition of the appellee's orthopedic surgeon

included statements that appellee's permanent partial disability would be at least 5% to the body as a whole and could go as high as 30%. However, the trial court excluded all parts of the deposition which supported a permanent partial disability in an amount greater than 5%. The testimony of the doctor and the appellee was to the effect that appellee's injuries included a fractured vertebra and a shoulder injury; and that the compression fracture resulted in nerve damage causing permanent weakness and numbness of the left leg. The appellee testified that he had incurred medical expenses in excess of $12,000 and lost wages approximating $20,000 at the time of the trial. The trial court specifically stated that he would not consider any testimony of the doctor which was "speculative."

In reviewing the sufficiency of the proof, we review the evidence in the light most favorable to the appellee and if any substantial evidence exists to support the award, we affirm. The test in determining whether any substantial evidence exists is not whether the testimony would have supported some other conclusion but whether it supports the conclusion reached by the trier of fact. *Arkansas Western Gas Co. v. Public Service Commission*, 266 Ark. 668, 588 S.W.2d 424 (1979). We conclude that the trial court assessed the evidence of pain and suffering and permanent disability without having to resort to conjecture or speculation. See *Handy Dan Home Improvement Center, Inc. v. Peters*, 286 Ark. 102, 689 S.W.2d 551 (1985). We do not disturb a judgment on the grounds of excessiveness unless we determine that it was influenced by prejudice or that it shocks the conscience of the court. *Morrison v. Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981).

The final argument is that the court erred in denying a continuance to the appellant for the purpose of locating a witness to the accident and for obtaining further medical evidence. The default judgment rendered the testimony on liability moot. The denial of the request for a continuance in order to obtain additional medical testimony was clearly within the sound discretion of the trial court.

Affirmed.

GLAZE, J., concurs.