Elizabeth Henes MOTES, et al. *v.* John L. JOHNSON

90-201                                          799 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Dickey Law Firm, P.A.*, by: *Jay W. Dickey, Jr.*; and *Shults, Ray & Kurrus*, by: *Robert Shults* and *Thomas Ray*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

DAVID NEWBERN, Justice. The appellee, John L. Johnson, is an attorney who represented the appellant, Elizabeth Henes Motes, and her now deceased sister, Helen Fay Henes, in the sale of certain business properties in 1982 and the subsequent creation of trusts. He prepared documents for an entity known as the "Motes/Henes Trust" and one known as the "Motes Children's Trust." Ms. Motes, the estate of Ms. Henes, and the beneficiaries of the children's trust sued Mr. Johnson for malpractice, claiming that he breached his fiduciary duty to them by not disclosing personal habits and other conduct which would have caused them to replace him in the position he created for himself as trustee.

The case was tried and submitted to a jury on eight interrogatories. The question asked in five of the interrogatories concerned whether the evidence showed Johnson breached his duty with respect to such items as investment policies, drafting

practices, and other actions as trustee. The jury found no breach of duty. Another interrogatory asked whether a certain purchase of property in the name of the children's trust was a gift in excess of the gift tax exclusion under federal law. The jury found that the gift was in excess of the allowable exclusion but that no damages were incurred as a result.

The remaining two interrogatories asked whether Johnson's conduct had necessitated an audit of trust records and the instigation of an earlier lawsuit [*Motes/Henes Trust* v. *Motes*, 297 Ark. 380, 761 S.W.2d 938 (1988)]. The jury found that it had and that expenditure of $40,000 of the audit and $50,000 for the lawsuit had resulted. In accordance with the verdict, the court awarded damages of $90,000. Motes, the Henes estate, and the beneficiaries of the children's trust appeal, contending the court erred in not allowing them to introduce evidence of Johnson's use of drugs and alcohol as well as his gambling habit, indebtedness, and evidence that his conduct as a bank director resulted in action adverse to him taken by bank regulators. They also contend they should have been allowed to use this evidence to impeach Johnson's credibility. The trial court disallowed the evidence, finding its prejudicial effect outweighed its probative value. We find no abuse of the trial court's discretion and thus affirm.

The exclusion of evidence of Johnson's addiction to alcohol and drugs and his gambling and debts was in response to Johnson's motion in limine. The court ruled that evidence on those matters would be excluded until it could be shown that it should be allowed. A hearing was held out of the jury's presence at which the appellants proffered testimony of various witnesses.

Keith Moser is a lawyer and certified public accountant who was associated with Johnson and worked on the trust matters. Moser's proferred testimony was that he confronted Johnson about his drinking, drug use, and gambling and that when Johnson refused to admit he had a problem, Moser resigned. Moser called Ms. Motes and cautioned her about Johnson's habits. He would have testified that Johnson was in the office in 1985 only three days a week and that he made five trips to Las Vegas that year. Johnson removed money from a "bank holding account" to his personal account. Moser's observation was that those problems affected Johnson's performance as trustee and

lawyer for the trusts. He thought Johnson was on drugs because he found a white powdery substance in the bathroom at the law office and Johnson was undergoing mood swings.

The appellants also called Johnson to the stand during the hearing. He testified he did not know whether he had a drinking problem. He said he had been kept away from his office by hangovers on occasion and that there had been days when he had had drinks with friends at lunch and had not returned to the office in the afternoon. He did not recall a time during 1985 when drinking affected his office habits or work. He flatly denied having used cocaine and said that he had not been required to put $1,000,000 in the bank by the banking commission but that he had done so voluntarily to capitalize the bank and had removed the money the following year.

The testimony of Mr. Marlin Jackson, Arkansas Banking Commissioner, was also proffered by the appellants in rebuttal to that of Johnson. This testimony had to do with investments made by Johnson for Clinton State Bank of which Johnson was a director. Jackson stated that his department issued a cease and desist order to stop Johnson from trading in bonds without authority to do so. The order also required Johnson to transfer $1,000,000 to the bank due to losses Johnson had caused to the bank.

Rebuttal testimony of Bob Morgan, an employee of the bank in 1987, was proffered. He testified that while he was working at the bank for Johnson he was asked by Johnson as to the whereabouts of some cocaine Johnson apparently thought was in his medicine cabinet.

The appellants have stated two points of appeal, but there is just one issue. Whether the testimony was proffered as direct or rebuttal evidence, the issue is whether the court abused its discretion in keeping it out. We think not. We agree with the appellants' citations of authority to the effect that, as trustee, Johnson owed the appellants the highest degree of honesty, skill, prudence and caution and that he owed them the utmost good faith. *Hardy* v. *Hardy*, 222 Ark. 932, 263 S.W.2d 690 (1954).

■ The appellants contention is that Johnson's failure to disclose his personal conduct was a breach of the fiduciary

relationship. While we might agree that, had Johnson gone to the appellants and revealed all his activities they might have discharged him sooner from his responsibilities as trustee, there is little, if any, evidence that the appellants were harmed by Johnson's failure to make the disclosure. Even if we were to determine that the proffered evidence was relevant, and it would only be barely so, we are in no position to gainsay the trial court's conclusion that the proffered evidence would have been unfairly prejudicial to Johnson and of hardly any probative value, given the lack of any evidence to connect the conduct to any harm which came to the appellants. A.R.E. 403. We do not reverse a trial court on such a decision unless we determine there has been a manifest abuse of discretion in balancing unfair prejudice against probative value. *See Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988); *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988); *Simpson* v. *Hurt*, 294 Ark. 41, 740 S.W.2d 618 (1987). We find no such abuse here.

Affirmed.