David ORSINI *v.* LARRY MOYER TRUCKING, INC.

91-168                                    833 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered June 29, 1992
[Supplemental Opinion on Denial of Rehearing
October 12, 1992.*]

* Brown, J., not participating.

180

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *M. Stephen Bingham*, for appellant.

*Hopkins Law Firm*, by: *Patrick R. James*, for appellee.

TOM B. SMITH, Special Justice. This legal malpractice case was brought by Larry Moyer Trucking, Inc., Appellee, against his former attorney, David Orsini, Appellant. From 1983 to 1989,

Appellant represented Appellee in numerous cases. While acting as attorney for Appellee, Appellant filed separate complaints in cases involving Law and Dalrock. These cases had been pending for more than three years when Appellee hired new legal counsel and relieved Appellant of his duties. The new counsel proceeded to try the pending law suits and obtained judgments which proved to be uncollectible due to the insolvency of the judgment debtors.

Appellant represented Appellee on an administrative claim (Lawrence Brothers) before the Arkansas Highway and Transportation Department. The administrative claim was denied. Appellee was notified of arbitration rights, but the notice for arbitration was not timely filed.

Appellee's case against Appellant was tried before a jury and Appellee received a verdict against Appellant. Judgment was entered for $30,669 on the Law case, $1,825 on the Lawrence Brothers claim, $5,678 on the Dalrock case, and $100,000 punitive damages in connection with the Lawrence Brothers case. The trial court denied Appellant's Motion for Directed Verdict, Motion for Judgment NOV, and Motion for New Trial.

Appellant presented several points for reversal. Appellant argues the Trial Court erred by (1) submitting the issue of punitive damages to the jury in connection with the Lawrence Brothers case, (2) failing to grant a judgment notwithstanding the verdict or a new trial on the claims relating to the Law and Dalrock cases because the evidence was insufficient to support the verdicts, (3) not dismissing the malpractice claims based upon the Law and Dalrock cases as they were barred by the statute of limitations, (4) prohibiting Appellant from testifying about statements made by Appellees' ex-wife, (5) refusing to allow Appellant's wife to testify as a fact witness at trial on the grounds that she had attended several depositions relating to the case, (6) failing to disqualify Appellee's law firm, and (7) refusing to give Appellant's requested non-AMI jury instructions.

Appellee contends on cross-appeal that the Trial Court erred by (1) refusing to allow into evidence the Model Rules of Professional Conduct, (2) failing to submit his conversion claim to the jury, and (3) refusing to allow an expert witness whose name had been provided to Appellant only a week before trial to testify. We reverse and remand the case, holding the Trial Court

erred in submitting the issue of punitive damages to the jury. We find no substantial evidence to support the award based upon the Dalrock case, and the portion of the judgment of this claim is reversed and dismissed.

██  Punitive damages were awarded based on the Lawrence claim. The jury awarded $1,825 compensatory and $100,000 punitive damages. Appellee claims that Appellant failed to file in a timely fashion the notice of arbitration, and therefore it was barred from recovery. Only when evidence indicates that a person acted wantonly in causing injury or with such conscious indifference to the consequences that malice may be inferred, will punitive damages be awarded. *National By-Products* v. *Searcy*, 292 Ark. 491, 721 S.W.2d 194 (1987). Gross dereliction of duty does not warrant punitive damages. There must be proof of intentional wrong or conscious indifference to the consequences from which malice may be inferred. *Welder* v. *Mercer*, 247 Ark. 999, 448 S.W.2d 952 (1970). Because we find the record devoid of evidence of a clear and convincing nature that the Appellant acted with such conscious indifference or acted wantonly, it was error to submit to the jury the question of punitive damages. *Stein* v. *Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992).

██  There is evidence beyond speculation to make a jury question of damages on the Law case. In the case of *KARK-TV* v. *Simon*, 280 Ark. 228, 656 S.W.2d 702 (1983), we held that where the issue of punitive damages is erroneously submitted to the jury, together with the defendant's financial condition, an award of compensatory damages is tainted and cannot stand. Even though the jury awarded less in the Law case than was prayed for, the submission of the punitive damages issue allowed otherwise non-admissible financial evidence to be considered by the jury. The award of compensatory damages in the Law case must, therefore, be reversed.

██  The long established rule of law in Arkansas is that damages will not be allowed where they are speculative, based on conjectural evidence or the opinions of the parties or witnesses. The evidence must support the conclusions of the trier of fact. *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397(1983); *Lewis* v. *Crowe*, 296 Ark. 175, 752 S.W.2d

280 (1980). The record before the Court is devoid of any evidence to support the verdict in the Dalrock case (listed as "Other" on the Judgment). The portion of the judgment for this claim is reversed and dismissed.

■ Ark. Code Ann. § 16-56-105 establishes a three year statute of limitations which begins when the negligence occurs, not when it is discovered by the client. *Riggs* v. *Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984). At times, the beginning of the occurrence is a law question to be determined by the Court. At other times, it is a fact question for the jury to determine. The Complaints in the Dalrock and Law cases were filed in August of 1985 and May of 1986, respectively. The Dalrock and Law cases were not tried until counsel was changed. The suits were still active and valid. The judgments were uncollectible because of the insolvency of the debtors. There is no specified or statutory limitation of time within which to try a law suit. Appellee's expert testified that the case should have been tried within nine months of filing of the Complaints. In other words, the Dalrock case should have been tried by May of 1986, and the Law case should have been tried by February of 1987. Appellant argues the Appellee had three years from these dates to bring suit, and since he did not, the claims are barred.

■ In legal malpractice cases, the statute of limitations begins when the negligence occurs, not when it is discovered by the client. *Ford's Inc.* v. *Russell Brown & Co.*, 299 Ark. 426, 773 S.W.2d 90 (1989); *Riggs* v. *Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984). Although the expert testified that the negligence occurred when Appellant failed to bring the cases to trial within nine months, the jury was not required to believe this testimony. *See e.g., Robertson* v. *State*, 304 Ark. 332, 802 S.W.2d 448 (1991); *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979). There is no specific or statutory limitation of time within which to try a law suit. Because there existed a fact question regarding the date of the occurrence, it was not error to submit this issue to the jury.

■■ The trial court makes the determination as to the admissibility of testimony. The Court must determine the relevancy, competency, and probative value of the testimony. Limiting Appellant's testimony and that of his witnesses was within the

trial court's discretion and his decision will not be reversed absent a manifest abuse of that discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988); *Simpson* v. *Hurt*, 294 Ark. 41, 740 S.W.2d 618 (1987).

■ Downing, one of the attorneys for Appellee, did not become a witness. To allow his continued representation was discretionary with the court. An attorney cannot be called as a witness for the purpose of disqualifying him from the trial. *McCoy Farm, Inc.* v. *J & M McKee*, 263 Ark. 20, 563 S.W.2d 409 (1978). No prejudice to Appellant is demonstrated by allowing Appellee's attorney to continue representing Appellee.

Because several issues might arise on retrial, we will briefly discuss them. During divorce proceedings, Appellee's ex-wife made disparaging allegations about him. At trial, Appellant wanted to testify about these allegations because they allegedly illustrated his concern that Appellee's ex-wife would be a damaging witness in the Law case. This concern led Appellant to delay bringing the Law case to trial. The Trial Court allowed Appellant to testify that Appellee's ex-wife made some serious untruthful allegations, but refused to allow Appellant to go into the details of these allegations.

■ We do not reverse a decision made by a trial court pursuant to A.R.E. Rule 403 unless there has been a manifest abuse of discretion in balancing prejudice against probative value. *Motes* v. *Johnson*, 304 Ark. 23, 799 S.W.2d 798 (1990); *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). We find no manifest abuse of discretion in these circumstances.

No prejudicial error was demonstrated by the trial court's refusal of Appellant's requested jury instruction.

■ On cross-appeal, Appellee raises several issues. The trial court refused the introduction of the Model Rules of Professional Conduct. This was not error. The Rules are not designed for a basis of civil liability, but are to provide guidance to lawyers and to provide a structure for regulatory conduct through disciplinary agencies. No cause of action should arise from a violation, nor should it create any presumption that a legal duty has been breached. "Scope", Model Rules of Professional Conduct, by per curiam order of Supreme Court of December 16,

1985.

■ .The trial court did not abuse its discretion in refusing to submit to the jury the question of conversion, nor in refusing to let expert witness testify. Both matters are before the Court and he has the discretionary authority to determine their applicability. There is no evidence of any abuse of that authority.

This case is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded in part; reversed and dismissed in part.

BROWN, J., not participating.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### OCTOBER 12, 1992

310 S.W.2d 179

*M. Stephen Bingham*, for appellant.
*Patrick James*, for appellee.

PER CURIAM. The appellee, Larry Moyer Trucking, Inc. (Moyer), asserts an incorrect standard of review was applied in deciding an issue in its cross-appeal. While we agree the opinion incorrectly states the standard to be applied by a trial court in deciding whether to give an instruction, recognition of the error does not change the result, thus rehearing is denied. We write again to dispel confusion which may have been created by our opinion.

Moyer argued on appeal that the Trial Court erred by refusing to submit its conversion claim against Orsini to the jury. The claim was based upon Orsini's failure to return Moyer's legal files after Moyer terminated Orsini as his representative. Orsini claimed Moyer owed him $7,924.01 in unpaid legal fees, and he filed a counterclaim against Moyer for that amount. Orsini also asserted an attorney's lien over Moyer's files and materials which came into Orsini's possession during the employment relationship.

In our opinion we did not mention that, in its original Complaint, Moyer sought to replevy Moyer's files remaining in Orsini's possession. That aspect of the case was tried by the Trial Court without a jury, and nothing in the record suggests Moyer requested that the issue be submitted to a jury. The Trial Court found in favor of Orsini, recognizing Orsini's right to retain possession of the files until ownership could be determined by final judgment.

The jury refused to award Orsini any amount on his counterclaim for unpaid legal fees and essentially determined no fees were due. The final judgment also indicated that Moyer's legal files which were in Orsini's possession should be returned to Moyer.

██ Conversion is any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's right. *Elliott* v. *Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991). The intent required for conversion is not that which accompanies a conscious wrongdoing, but rather an intent to exercise a dominion or control over goods in a manner inconsistent with the plaintiff's rights. *Car Transp.* v. *Garden Spot Distrib.*, 305 Ark. 82, 805 S.W.2d 632 (1991).

██ The Trial Court's decision in Moyer's replevin action that Orsini was entitled to assert an attorney's lien, and retain possession of the files until final judgment, precluded Moyer's

conversion claim. The issue had already been decided, thus there was no need to submit it to the jury.

■ Our opinion in this case, however, stated "[t]he trial court did not abuse its discretion in refusing to submit to the jury the question of conversion. . . ." Had there been a conversion issue remaining in the case at the conclusion of the trial, the Trial Court would have had to instruct the jury on that issue. Refusal to instruct on the conversion claim in the face of substantial evidence in support of it would have been tantamount to directing a verdict in favor of Orsini. The test for determining whether a verdict may be directed is whether there is substantial evidence in support of the claim. *Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991); *Baucom* v. *City of North Little Rock*, 249 Ark. 848, 462 S.W.2d 229 (1971). By suggesting the matter was within the Trial Court's discretion, our opinion was misleading. As explained above, there was no need to submit the issue to the jury in this case as it had already been decided.

Rehearing denied.

BROWN, J., not participating.