SERVICE FINANCE CORPORATION *v.* Sandy J. EVANS

CA 94-294                                                     894 S.w.2d 149

Court of Appeals of Arkansas
Division II
Opinion delivered March 8, 1995

*Acchione & King*, by: *Gary Van Gilder*, for appellant.

*Teresa Severns* and *Law Office of Don Cooksey*, by: *Don Cooksey*, for appellee.

JOHN E. JENNINGS, Chief Judge. This is an ordinary debt case. The appellee, Sandra Evans, incurred a debt with Baptist Medical Center in the amount of $918.00. Baptist assigned its claim to Service Finance Corporation, a collection agency, for the sum of $200.00. Service Finance then sued Sandra Evans for the amount of the debt in Miller County Circuit Court and the case was tried to a jury. The jury found for the defendant.

On appeal, Service Finance contends that the court erred in admitting evidence of Ms. Evans' financial status and in admit-

ting evidence as to the amount it paid for the claim. We agree with both contentions and reverse and remand for new trial.

Over timely objection the appellee was permitted to testify that she was unable to pay $25.00 per month on this account. The defendant was also permitted to elicit testimony that Service Finance paid $200.00 for the claim.

Rule 402 of the Arkansas Rules of Evidence provides that all relevant evidence is admissible and that evidence which is not relevant is not admissible. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In determining whether evidence is relevant, the trial court has discretion. *Simpson* v. *Hurt*, 294 Ark. 41, 740 S.W.2d 618 (1987). We do not reverse the trial court's decision as to whether evidence is relevant absent an abuse of discretion. *In re Estate of O'Donnell*, 304 Ark. 460, 803 S.W.2d 530 (1991).

In the case at bar the issue was whether the appellee incurred the debt and owed the money. Her ability to pay was not an issue in the case. *See generally* 31A C.J.S. *Evidence* § 177 (1964); *Northwestern University* v. *Crisp*, 211 Georgia 636, 88 S.E.2d 26 (1955). The appellee's inability to pay the full amount of the debt is not relevant to any issue in the case and it was error to admit that testimony.

Similarly the amount paid by the collection agency for the claim was irrelevant. It bears no logical relation to any issue properly before the court and on retrial it should not be admitted into evidence.

Reversed and Remanded.

PITTMAN and COOPER, JJ., agree.