52 F.3d 748
 RESOLUTION TRUST CORPORATION, Plaintiff-Appellant,
v.
James D. ARMBRUSTER; John G. Ayers; Stewart M. Condren;
Jack E. Grober; J. Michael Shaw; Okla Ben Smith,
Defendants.
Charles L. Gocio, Defendant-Appellee.
RESOLUTION TRUST CORPORATION, Plaintiff-Appellee,
v.
James D. ARMBRUSTER; John G. Ayers; Stewart M. Condren;
Jack E. Grober; J. Michael Shaw; Okla Ben Smith,
Defendants,
Charles L. Gocio, Defendant-Appellant.
RESOLUTION TRUST CORPORATION, Plaintiff-Appellee,
v.
James D. ARMBRUSTER; John G. Ayers; Stewart M. Condren;
Jack E. Grober; J. Michael Shaw; Okla Ben Smith,
Defendants-Appellants,
Charles L. Gocio, Defendant.
 Nos. 94-2438, 94-2443 and 94-2747.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 16, 1994.
Decided April 12, 1995.
 
 Bradley K. Beasley, Clifford K. Cate, Tulsa, OK, argued, for appellant.
 Philip S. Anderson, Little Rock, AR, argued (Leon Holmes, Sheila M. Powers, Little Rock, AR, on the brief), Lavenski R. Smith, Fayetteville, AR, for appellee.
 Bradley Jesson and Rex Terry, Fort Smith, AR, on the brief in case No. 94-2747 for cross-appellants Armbruster and Condren.
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 Six former officers and directors of the First America Federal Savings Bank of Fort Smith, Arkansas, appeal from the district court's denial of their motion for summary judgment. The Resolution Trust Corporation filed suit against seven former officers and directors alleging that they breached their fiduciary duties, were negligent, violated certain statutory duties, and breached their contracts with First America. The former officers and directors assert that the RTC's suit is barred by the statute of limitations, and that the RTC lacked the statutory authority to bring the suit. One of the directors, Charles L. Gocio, prevailed on a separate motion for summary judgment. In granting Gocio's summary judgment motion, the district court ruled that the RTC failed to file a compulsory counterclaim in an action that Gocio, along with some others, filed against the RTC. The RTC appeals the district court's grant of Gocio's motion for summary judgment. We affirm the summary judgment entered in favor of Gocio and reverse the denial of summary judgment against the other directors.
 
 
 2
 In 1982, First America adopted a plan involving the restructure of its loan portfolio. The plan involved the sale of part of its low, fixed rate loan portfolio and the deployment of these funds in acquisition, development, and construction loans. First America's plan was instituted as part of an attempt to keep the institution in compliance with net worth requirements. The plan was ultimately unsuccessful.
 
 
 3
 On May 25, 1990, the director of the Office of Thrift Supervision placed First America in receivership and appointed the RTC as receiver. On the same day, the OTS issued a federal charter for First America Savings Bank, F.S.B. (New First America), and appointed the RTC as conservator of New First America. Also on the same day, the RTC as receiver of First America entered into a purchase and assumption agreement with New First America, thereby transferring all of First America's professional liability claims to New First America. On December 7, 1990, the OTS placed New First America in receivership and appointed the RTC as receiver. The RTC asserts that it acquired all of New First America's professional liability claims and has the statutory authority to bring this action based on its acquisition of those claims.
 
 
 4
 On October 22, 1993, the RTC as receiver for New First America filed a complaint against seven of First America's former officers and directors. The complaint alleged that the former officers and directors breached their fiduciary duties, were negligent, violated certain statutory duties, and breached their contracts with First America. The ten loans which are the basis of the RTC's suit all originated before November 1985. The RTC does not allege that there was any fraud, self-dealing, or intentional misconduct by any defendant. Furthermore, the RTC makes no allegations that any of the former officers and directors attempted to fraudulently conceal the loan practices which are the basis of the RTC's complaint.
 
 
 5
 All of the former officers and directors[1] filed a motion for summary judgment on the grounds that the statute of limitations barred the RTC's claim, that the RTC did not have the statutory authority to bring the action, and that they were entitled to a judgment as a matter of law by virtue of the gross negligence standard or the Arkansas business judgment rule. The district court denied their motion for summary judgment, holding that the doctrine of adverse domination equitably tolled the statute of limitations, and rejected their other arguments.
 
 
 6
 Gocio filed a separate motion for summary judgment arguing that the RTC's suit against him should have been raised as a compulsory counterclaim in a breach of contract action he and a number of other parties filed against the RTC. In the breach of contract action, the RTC did not assert a counterclaim against Gocio, and final judgment was entered in favor of Gocio and the other plaintiffs on March 15, 1993. In the case now before us, the district court granted Gocio's motion for summary judgment because of the RTC's failure to bring its claims against Gocio as counterclaims in Gocio's breach of contract action.
 
 
 7
 The former officers and directors appeal from the order denying their motion for summary judgment arguing that the RTC's suit was barred by the statute of limitations, and that the RTC lacked the statutory authority to bring the suit. Gocio, alone, argues that he was entitled to judgment as a matter of law by virtue of the gross negligence standard or the Arkansas business judgment rule.
 
 
 8
 The RTC appeals the summary judgment entered in favor of Gocio. The RTC argues that its claims against Gocio were not compulsory counterclaims in Gocio's lawsuit against the RTC. Since we are convinced that the district court erred in concluding that the RTC's suit was not time-barred, we find it unnecessary to address the other arguments raised by the former officers and directors, or the RTC.
 
 I.
 
 9
 We review a district court's denial of summary judgment de novo and apply the same standards used by the district court. Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir.1993). Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
 
 
 10
 The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 provides a federal statute of limitations for claims brought by the RTC as receiver. 12 U.S.C. Sec. 1821(d)(14) (Supp V.1993). However, the FIRREA statute of limitations does not revive claims which are already barred by the state statute of limitations when they are acquired by the RTC. Resolution Trust Corp. v. Artley, 28 F.3d 1099, 1101-02 (11th Cir.1994); F.D.I.C. v. Dawson, 4 F.3d 1303, 1307 (5th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2673, 129 L.Ed.2d 809 (1994). Thus, if the applicable Arkansas statute of limitations ran before the RTC was appointed receiver, then the RTC's suit is time-barred.
 
 
 11
 The applicable Arkansas statute provides a three-year limitations period for "[a]ll actions founded on any contract or liability, expressed or implied." Ark.Code Ann. Sec. 16-56-105(3) (Michie 1987). The record indicates that the loans which are the basis for the RTC's suit all originated before November 1985, five years before First America was placed into receivership.[2] Therefore, unless statute was tolled, the RTC's claims are barred and the former officers and directors are entitled to summary judgment on the basis that the RTC's suit is time-barred.
 
 
 12
 The RTC argues that the Arkansas statute of limitations did not expire before May 25, 1990, because of the applicability of the doctrine of adverse domination. Under this doctrine, the statute of limitations is tolled as to claims against the officers or directors of a corporation as long as those officers or directors control the affairs of a corporation. If the doctrine is applicable in the present case, the RTC's suit would not be time-barred. In determining whether the RTC is correct in its assertion we must look to Arkansas law. We review district court determinations of state law de novo, without deference. Salve Regina College v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 1220, 113 L.Ed.2d 190 (1991).
 
 
 13
 The law of Arkansas with respect to the doctrine of adverse domination is of course determined by the Supreme Court of Arkansas' treatment of the doctrine. However, the Supreme Court of Arkansas has neither expressly adopted nor rejected the doctrine of adverse domination. " '[W]here direct expression by an authorized state tribunal is lacking, it is the duty of the federal court, in dealing with matters of either common law or statute, to have regard for any persuasive data that is available, such as compelling inferences or logical implications from other related adjudications....' " Slaaten v. Cliff's Drilling Co., 748 F.2d 1275, 1277 (8th Cir.1984) (per curiam) (quoting Yoder v. Nu-Enamel Corp., 117 F.2d 488, 489 (8th Cir.1941)). It is our duty to determine, as best we can from these sources, how the Supreme Court of Arkansas would decide the issue.
 
 
 14
 The Supreme Court of Arkansas, in Magale v. Fomby, 132 Ark. 289, 201 S.W. 278, 280-81 (1918), dealt with a case which presented a factual situation very similar to the present case, and held that a stockholder's derivative suit against the directors of a bank was barred by the statute of limitations. The plaintiffs argued that "the directors [were] trustees in whose favor the statute [of limitations] does not run during the continuance of the trust." Magale, 201 S.W. at 280. The court rejected this argument reasoning that although the bank directors were trustees, they were trustees of an implied trust, not an express trust, and were within the protection of the three-year statute of limitations. Id. The court then pointed out that "there [had] been no fraudulent concealment of [the director's] acts ... that would delay the operation of the statute of limitations." Id.
 
 
 15
 The RTC contends that the Magale court merely rejected the notion that directors are trustees in whose favor the statute of limitations does not run during the continuance of the trust, and is not relevant to the issue presently before us. We do not read Magale so narrowly. The Magale court held that the statute of limitations began to run once the directors performed their final negligent act. Magale, 201 S.W. at 280-81. The logical implication of the court's failure to apply the doctrine of adverse domination in Magale is that the doctrine was not then recognized by the Arkansas courts. Thus, Magale supports the former officers' and directors' contention that, in the present case, the statute of limitations began to run on the date that they made the last of the loans which are the basis of the RTC's suit. Since Magale, there have been no Arkansas cases which suggest that the doctrine of adverse domination has been adopted.
 
 
 16
 In concluding that Arkansas courts do recognize the doctrine of adverse domination, the district court relied almost exclusively upon Resolution Trust Corp. v. Kerr, 804 F.Supp. 1091 (W.D.Ark.1992). In Kerr, the court distinguished Magale, concluding that it was limited to its particular circumstances. Id. at 1098. The court reasoned Magale was unique in that "the bank cashier and one of the directors had frequent conversations regarding the transactions at issue with the shareholder who ultimately brought suit," and therefore should be limited to those circumstances. Id. at 1097. We think Kerr overemphasized the importance of this fact to Magale 's holding. The directors' conversations with the shareholder were relevant to the court's holding only to the extent that they demonstrated that the directors did not attempt to fraudulently conceal the alleged wrongdoing. Magale, 201 S.W. at 280. Thus, we find Kerr 's restrictive reading of Magale unpersuasive.
 
 
 17
 The former officers' and directors' contention is further bolstered by an examination of the Supreme Court of Arkansas' application of the statute of limitations in professional liability cases. In Riggs v. Thomas, 283 Ark. 148, 671 S.W.2d 756, 757 (1984), the court reaffirmed the rule that " 'the statute of limitations in an action against an attorney for negligence begins to run, in absence of concealment of the wrong, when negligence occurs, not when it is discovered by the client.' " See also Ford's Inc. v. Russell Brown & Co., 299 Ark. 426, 773 S.W.2d 90, 92 (1989). Thus, Arkansas adheres to the "time of injury" or "occurrence rule".
 
 
 18
 The only instances in which Arkansas Courts have tolled the statute of limitations are where a defendant has fraudulently concealed his negligence. See First Pyramid Life Ins. Co. of America v. Stoltz, 311 Ark. 313, 843 S.W.2d 842, 845 (1992) ("The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment ... committed by those invoking the benefit of the statute of limitations"), cert. denied, --- U.S. ----, 114 S.Ct. 290, 126 L.Ed.2d 239 (1993); Wilson v. General Elec. Capital Auto Lease, Inc., 311 Ark. 84, 841 S.W.2d 619, 620 (1992) (holding that "affirmative acts of concealment" are required to toll statute). The RTC does not allege that the former officers and directors attempted to conceal their allegedly wrongful conduct.
 
 
 19
 To apply the doctrine of adverse domination in the present case would be to carve out an as yet unrecognized and arguably rejected exception to Arkansas' prevailing rule. In contexts similar to the present case, the Supreme Court of Arkansas has refused to carve out such an exception. In Riggs, the court held that the statute of limitations on the plaintiff's legal malpractice suit began to run when the malpractice was committed, even though the alleged malpractice was not discovered until later. Riggs, 671 S.W.2d at 757. The plaintiff argued that an injustice occurs when the statute runs before an error is discovered and that the court should consider making an exception to the rule in such cases. In declining the plaintiff's invitation to abandon the rule, the court reasoned that "[i]f such a marked change is to be made in the interpretation of statutes that have long been the law, it should be done prospectively by the legislature, not retrospectively by the courts." Id.; see also Chapman v. Alexander, 307 Ark. 87, 817 S.W.2d 425, 427 (1991) (stating that it would be "incongruous" for the court, rather than the legislature, to now change its application of the statute of limitations). The Supreme Court of Arkansas' view that a reformulation of the law regarding when the statute of limitations begins to run is a matter better left to the legislature, makes it unlikely that the court would adopt the doctrine of adverse domination. Therefore, we conclude that the Arkansas courts do not recognize the doctrine of adverse domination and that the district court erred in denying the former officers' and directors' motion for summary judgement. Cf. Artley, 28 F.3d at 1102 (holding that Georgia does not recognize the doctrine of adverse domination and, therefore, statute of limitations had run on the RTC's claims); F.D.I.C. v. Cocke, 7 F.3d 396, 402 (4th Cir.1993) (refusing to apply doctrine of adverse domination), cert. denied, --- U.S. ----, 115 S.Ct. 53, 130 L.Ed.2d 12 (1994); Dawson, 4 F.3d at 1313 (holding that Texas recognizes the doctrine of adverse domination, but that the doctrine does not apply to cases involving allegations of mere negligence).
 
 
 20
 The RTC argues that Mulligan v. Lederle Laboratories, 786 F.2d 859 (8th Cir.1986), Lane v. Lane, 295 Ark. 671, 752 S.W.2d 25 (1988), and City of Springdale v. Weathers, 241 Ark. 772, 410 S.W.2d 754 (1967), are examples of exceptions to Arkansas' "occurrence rule," and demonstrate Arkansas court's tendency to toll the statute of limitations during any period of concealment. Our examination of these cases leads us to conclude otherwise. Mulligan involved an application of the Arkansas products liability statute of limitations and turned upon the particular construction of that statute. Mulligan, 786 F.2d at 863. Lane does not represent an exception to the "occurrence rule," but rather a unique application of the rule. Lane, 752 S.W.2d at 27-28. In Lane, the court held that in medical malpractice cases the statute of limitations does not begin to run until treatment has terminated or a patient knew or should have known of negligence. Id. 752 S.W.2d at 26-27. The import of the court's holding was that so long as the negligent treatment continued, the negligent conduct was still occurring and, therefore, the statute of limitations did not begin to run. Id. Finally, in City of Springdale, 410 S.W.2d at 756, the court held that in actions for permanent injury to real estate, caused by sewage, the statute of limitations begins to run at the time when it becomes obvious that a permanent injury has been suffered. Although this is an exception to the "occurrence rule," it is limited to its particular facts and is not applicable to the present case. Id. While these cases represent slight variations or deviations from the prevailing rule, they offer no support for the RTC's contention that Arkansas courts recognize the doctrine of adverse domination.
 
 
 21
 For the foregoing reasons, all of the former officers and directors are entitled to summary judgment on the ground that the statute of limitations bars the RTC's suit. This makes it unnecessary that we consider the district court's compulsory counter-claim ruling with respect to Gocio.
 
 
 22
 We affirm the entry of summary judgment in favor of Gocio, and reverse and direct that the district court enter summary judgment in favor of the remainder of the former officers and directors.
 
 
 
 [1]
 James D. Armbruster, John G. Ayers, Stewart M. Condren, Charles L. Gocio, Jack E. Grober, J. Michael Shaw, and Okla Ben Smith
 
 
 [2]
 In its reply brief, the RTC asserts that because of 1988 and 1989 renewals, the state statute of limitations had not expired on two of the loans which are at issue in this case. "We generally decline to consider issues raised for the first time in reply briefs, and there is no adequate reason to deviate from that rule in this case." Wiener v. Eastern Ark. Planting Co., 975 F.2d 1350, 1357 n. 6 (8th Cir.1992). Moreover, it is not clear from the record that two loans were renewed in 1988 and 1989, as the RTC claims