# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1825

_____

PPG Industries, Inc.,                          *
                                               *
            Appellee,                          *
                                               *
      v.                                        *
                                               *
Welch Industries, Inc., doing business         *
as Paragould Custom Color, doing               *
business as Jonesboro Custom Color,            *      Appeal from the United States
doing business as American Industrial          *      District Court for the
Coatings, doing business as Newport            *      Eastern District of Arkansas
Glass Company, doing business as               *
American Automotive Refinish Supply,           *            [UNPUBLISHED]
                                               *
            Appellant,                         *
                                               *
Billy V. Welch, Julia A. Welch, also           *
known as Judy Welch.                           *
                                               *
            Defendants.                        *

_____

Submitted:   July 7, 2000

Filed:   July 25, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Welch Industries, Inc. (Welch), appeals from the judgment as a matter of law (JAML) entered in the District Court[1] for the Eastern District of Arkansas for PPG Industries, Inc. (PPG), following a jury trial on Welch's conversion counterclaim in this diversity action. After de novo review, see Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (district court's interpretation of state law); Hawkins v. City of Farmington, 189 F.3d 695, 700-01 (8th Cir. 1999) (grant of JAML), we conclude the district court properly granted JAML for PPG because Welch's evidence concerning its damages was speculative. See Marine Servs. Unlimited, Inc. v. Rakes, 918 S.W.2d 132, 136-37 (Ark. 1996) (burden of proving damages rests on party claiming them, and proof must consist of facts, not speculation); Dent v. Wright, 909 S.W.2d 302, 306 (Ark. 1995) (proper measure of damages in conversion action is market value of property at time and place of conversion); Orsini v. Larry Moyer Trucking, Inc., 833 S.W.2d 366, 368 (Ark. 1992) ("The long established rule of law in Arkansas is that damages will not be allowed where they are speculative, based on conjectural evidence or the opinions of the parties or witnesses."). Accordingly, we affirm. See 8th Cir. R. 47B.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.