416

Doris Bowden FOWLER et al *v.*
John HOGUE, Trustee et al

82-55                                    635 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered June 28, 1982

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker,*
for appellants.

*Sam Boyce,* for appellees.

DARRELL HICKMAN, Justice. The question before us
involves the interpretation of the language in a testamentary
trust. We affirm the trial court's determination which
essentially was that the plain and ordinary meaning of the
language controls.

Delphia Wilson, whose estate consisted primarily of
farm land in Poinsett County, created a trust in her will for
certain beneficiaries who were to receive during their
respective lives the following income from the trust:

1. Juanita Bowden, 30% of the net annual income;
2. Dale Thomas Bowden, 30% of the net annual
income;

3. George Milburn Bowden, 20% of the net annual income;

4. Doris Bowden, 20% of the net annual income;

5. George Carlyle Bowden, 10% of the net annual income.

Besides that provision the only other relevant language in the will reads:

## VI.

Upon the death of George Milburn Bowden, his interest shall pass to his two sons, Mike Bowden and Timmy Bowden, who shall receive one-half (1/2) each of the said George Milburn Bowden's share. Provided, that if at any time the said Juanita Bowden shall remarry, then her interest in the trust shall terminate. Upon death of any of the beneficiaries above named, with exception of George Milburn Bowden, the deceased beneficiaries' share shall be divided equally between the remaining beneficiaries of the trust. This trust shall terminate upon the death of the last beneficiary herein named and all assets of the trust and any accumulated income shall be divided equally between my then existing heirs at law.

The will was admitted to probate in 1969. In March, 1976, Juanita Bowden died and a petition was filed to construe the trust. It was found that her 30% share of the income would be equally divided between the remaining living beneficiaries. So each received an additional 7.5% of the income of the trust. No appeal was taken from that decision.

In May, 1981, George Milburn Bowden died and another petition was filed to construe the trust. The question this time was whether George Milburn Bowden's two sons, Mike and Timmy, should receive only the original 20% granted to their father by the provisions in the trust or whether they were entitled to the 27.5% share their father was receiving at his death.

The trial court held that the two sons would receive 27.5% for the duration of the trust.

George Milburn Bowden's sons were favored by the trust; only his sons were granted a share in the income from the trust. It is possible that George Milburn Bowden could have died first and, if so, his sons would have only received 20% of the income from the trust. As it turned out, he died later and his sons' share is greater because, according to the plain language of the trust, they were to receive his share at his death. That is the interpretation the trial court gave the language and that is the only reasonable interpretation we can give the language in view of the law. The words and sentences used in a will are to be construed in their ordinary sense in order to arrive at the true intention of the testator. *Morgan* v. *Green,* 263 Ark. 125, 562 S.W.2d 612 (1978).

Affirmed.