Fred C. NEWMAN *v.*
FIRST NATIONAL BANK, Harrison, Arkansas, et al

84-221                                          685 S.W.2d 147

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*Bill F. Doshier* and *Dan R. Bowers,* for appellant.

*Walker & Campbell,* by: *Gail Inman-Campbell,* for appellee.

DARRELL HICKMAN, Justice. The issue is whether the appellant stated a cause of action based on an oral agreement between his uncle and aunt to execute joint or reciprocal wills and as evidenced by his uncle's will. The chancellor allowed the appellant to amend his complaint twice and finally concluded tht the appellant failed to state a cause of action. We agree.

The appellant, Fred C. Newman, is the nephew and sole heir of John R. Newman, who died in February, 1972. His wife, Clyde Newman, died in March, 1983, and this lawsuit was filed in chancery court to enjoin the probate of her will. It was alleged that John and Clyde made an agreement in 1949 to execute reciprocal wills in which it was agreed that upon the death of one, the survivor would inherit all the property of the deceased, and upon the death of the survivor, one-half of the property would go to John's collateral heirs and one-half would go to Clyde's collateral heirs. The complaint alleged that John had executed his will in accordance with the agreement; Clyde, however, breached the agreement by executing another will. The appellant argues that Clyde should be held to the agreement.

The trial court held that the will of John Newman, essential to appellant's claim, was evidence that the appellant's claim must fail. (The will is reproduced as an appendix to this opinion.) It does not provide for the collateral heirs, which include the appellant, to inherit *unless* both John Newman and Clyde Newman died of a common disaster, which did not occur. Indeed, it is alleged that John Newman died in 1972 and Clyde Newman ten years later.

We feel the trial court was right in finding that the language of the will was clear, and oral evidence is not admissible to alter that intent. *Vaught* v. *Vaught*, 247 Ark. 52, 444 S.W.2d 104 (1969).

The appellant attempts to take one sentence in John Newman's will out of context to support his case. That sentence is in Paragraph 3 and it reads:

. . .I hereby direct that any property which my wife and

I owned jointly at the date of such common disaster, or which I have acquired by reason of having survived my wife, shall be equally divided among my collateral heirs and the collateral heirs of my wife, . . . .

This interpretation, of course, overlooks the obvious qualification of this statement, which precedes it and states that this provision is effective *if* both parties die of a common disaster, a fact the appellant concedes in his pleadings did not occur.

The appellant persists, however, by stating that the complaint should not be dismissed because it was alleged that an oral agreement was made which did provide for the collateral heirs to get one-half each on the death of the last party. This, of course, would be clearly contrary to the intent of the testator in his will which was offered as proof of the agreement. This allegation is nothing more than an attempt to alter the plain and unambiguous language of the will with oral testimony. Furthermore, the trial court correctly observed that even if there were an oral agreement, the appellant obviously cannot prevail because John's will breaches the alleged oral agreement. To be in accordance with the agreement, his will should have stated that upon the survivor's death, their collateral heirs would share equally. Since it does not, his will violated the very agreement asserted, a fact which defeats the appellant's argument. *Allen* v. *First National Bank of Batesville,* 230 Ark. 201, 321 S.W.2d 750 (1959).

Therefore, no matter which route the appellant takes, he does not have a cause of action, and the trial court correctly dismissed the suit.

Affirmed.