MOTES/HENES TRUST, Bank of Bentonville as Trustee and Elizabeth Henes Motes *v.* Richard Ruffin MOTES, Mary Elizabeth Motes, John Thomas Motes, Myra Lucinda Motes, and Sam Dod Motes, Jr.

88-186                                    761 S.W.2d 938

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*Dickey Law Firm, P.A.*, and *F. Wilson Bynum, Jr.*, for appellant Elizabeth Henes Motes.

*Friday, Eldredge & Clark*, by: *Kevin A. Crass*, for appellees.

STEELE HAYS, Justice. The single issue presented by this appeal is whether a reference in the testator's will to a power of appointment was sufficient to exercise a power of appointment in a trust instrument.

Helen Fay Henes, deceased, executed a will in 1979 containing the following residuary clause:

> I give, devise and bequeath all of the remainder and residue of my estate together with *property to which I may have a power of appointment at the time of my death,* to the trustee hereinafter named, to be held in trust for the uses. . . . [Emphasis added.]

In 1982, the Motes/Henes trust was established for Helen Fay Henes and her sister, Elizabeth Henes Motes, in which was placed approximately $6,000,000 from interests the sisters had redeemed from their ownership in certain businesses. The trust contained the following provision:

> This trust shall terminate with respect to the separate trust share of each grantor [the two sisters] upon the death of said grantor. Upon such termination, the remaining assets of said separate trust shall be paid to such person or persons

or trusts as grantor may, *by specific reference hereto, appoint in her Last Will and Testament.* [Emphasis added.]

Helen Fay Henes died in April 1983 and in February 1988 the trustee of the Motes/Henes trust petitioned for the consolidation of the probate and chancery proceedings and for construction of the power of appointment in the will. Consolidation was granted and following a hearing the trial court held that the language of the will was sufficient to exercise the power of appointment defined in the trust. The trustee and Elizabeth Henes Motes have appealed. Respondent-Appellees are the children of Elizabeth Henes Motes.

The question is: When a power of appointment requires a specific reference to it, as does the trust in this case, will a general reference in the will be sufficient to exercise the power requiring specific reference?

The general rule is defined in Restatement (Second) of Property, Donative Transfers (1986):

§ 17.1 Significance of Donee's Intent to Appoint.

In order for a donee to exercise a power effectively it must be established —

(1) That the donee intended to exercise it; and

(2) That the expression of the intention complies with the requirements of exercise imposed by the donor and by rules of law.

The problem here concerns the second requirement and the question we must decide is whether Ms. Henes' will provision, making reference to "property to which I may have a power of appointment at the time of my death," is sufficient to exercise the power of appointment in the trust, or does the law require that she must have made reference to the trust instrument itself.

Finding no cases of our own on this topic, we have turned to other sources for guidance. The Reporter's Note to section 17.1 of the Restatement is primarily devoted to the problem in our case. While the Restatement discusses cases it classifies as "supporting" the rule and those "contrary" to the rule, a closer examina-

tion of those cases reveals that the division would be more aptly placed between those cases that construe the "specific reference" requirement literally, and those that favor a flexible interpretation, focusing more on the intent of the donee. See also Annotation 15 A.L.R. 4th 810 (1982), *supra,* which distinguishes the cases between those that require specific reference and those that do not.

Our research does not produce a clear majority or trend on either side of the question. We prefer the approach focusing on the intent of the donor, however, as we regard it as the better reasoned view.[1] It is also in keeping with our general approach to the interpretation of wills, which has as its paramount principle that the intention of the testator will govern, as well as the rule that wills should be liberally construed. *Copeland* v. *Hames,* 238 Ark. 143, 379 S.W.2d 1 (1964); *Cross* v. *Manning,* 211 Ark. 803, 202 S.W.2d 584 (1947). And in *Moore* v. *Avery,* 146 Ark. 193, 225 S.W. 599 (1920), in construing a will, we held that the phrase, "all my property," was sufficient to refer to and exercise a power of appointment. While *Moore* does not involve a "specific reference" requirement, it nevertheless reflects the more liberal approach. See generally, Annotation 15 A.L.R.3d 346 (1967).

In *Roberts* v. *Northern Trust Co.,* 550 F. Supp. 729 (N.D. Ill. 1982), the court was faced with the same issue and reviewed Illinois law to determine the correct approach. The court found that in a significant power of appointment case, the Illinois court had drawn on three basic principles of will construction: 1) that the intent of the testator controls and courts should construe wills to give effect to that intention; 2) a devise or bequest should not be voided because of errors in describing the subject matter as long as enough remains to show the testator's intent; and 3) the court will use its equitable powers to correct technical defects in a will in order to effect the testator's intent. From those general rules the court fashioned the following test for the "specific reference" problem:

---

[1] Other cases favoring the "intent" approach include: *Roberts* v. *Northern Trust Co.,* 550 F. Supp. 729 (N.D. Ill. 1982); *Cross* v. *Cross,* 559 S.W.2d 196 (Mo. App. 1977); *First Union National Bank* v. *Moss,* 32 N.C. App. 499, 233 S.E.2d 99 (1977); *McKelvy* v. *Terry,* 370 Mass. 328, 346 N.E.2d 912 (1976).

Where the evidence of intent is powerful, the question of compliance should be examined in a light which favors fulfillment of both the donor's desire for assurance and the donee's intent. Where, however, evidence of the donee's intent is weak, a liberal construction of the condition of specific reference may well defeat the limitations of both donor and donee.

■ Following the approach in *Roberts, supra*, we find the evidence of intent in this case is very strong and therefore have no problem with a more liberal construction of the "specific reference" requirement. The evidence of Fay Henes's intent came from the testimony of John L. Johnson, who was the attorney for both sisters. He had drafted the wills for both, and had also drafted the trust agreement. He testified that at the time of drafting the will he had discussed with Ms. Henes how she wanted to dispose of her property and she told him she wanted her sister to be benefitted and the property to go to her nieces and nephews, her sister's children. The will was drafted to effectuate that intent, giving her sister a life estate through the trust, for her enjoyment during her lifetime, with the property ultimately going to the nieces and nephews.

When Johnson drafted the trust agreement he reviewed Ms. Henes's will and decided there was no need to make any changes in it. He noted that the provision in the will on the power of appointment would operate to exercise all powers of appointment that Ms. Henes would have, to pass the property under a trust arrangement that was set up under her will. Johnson stated that this was absolutely consistent with his view and understanding of Ms. Henes' intent.

Johnson further commented that in drafting the trust, which was irrevocable, he wanted to avoid placing Ms. Henes in the position of being unable to change the beneficiaries of her estate by naming them in the trust instrument. By not putting final testamentary disposition provisions in the trust, it retained for Ms. Henes the ability at any point to change her mind as to the disposition of her estate.

The trial court noted that another significant factor was the problem of estate taxes. If the power was not exercised by the will, double taxation would result, and the trial judge observed that

people do not intend tax consequences of that nature. We agree.

■■ Appellant urges that we must ascertain the intent of the testator at the time of the execution of the will, citing *Moore, supra*. That is true, but it does not mean that we eliminate after-acquired property from being disposed by way of a will executed previously. *See, e.g., Brock* v. *Turner*, 147 Ark. 421, 227 S.W. 597 (1921); *Fowler* v. *Hogue*, 276 Ark. 416, 635 S.W.2d 274 (1982). We held in *Brock, supra*, that when a will manifests the purpose to dispose of all the estate the testator might have at the time of death, it includes after-acquired property. In that case while there were other reinforcing considerations, the court looked primarily at the language of the will which included, "all . . . my property," and the phrase, "also all chattel, property of any kind, including money *on hand*," the court emphasizing the phrase "on hand" as referring to the time of death. This is also the rule specifically as it relates to powers of appointment. Restatement (Second) of Property, Donative Transfers, § 17.6 (1986).

In this case, Ms. Henes' will refers first to, "*all* of the remainder and residue of my estate," and then specifically refers to "property to which *I may have* a power of appointment *at the time of my death*." It seems clear that the testator's intent at the time of execution was to include any after-acquired property.

AFFIRMED.