IN RE ESTATE OF Barbara Ann CONOVER, Deceased.

Lisa McNabb, Administratrix of the Estate of Barbara Ann Conover, Deceased *v.* Fannie Lou Mobley, as Executrix of the Estate of Kerman A. Jackson, Deceased, et al.

90-284                                        801 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Hoofman & Bingham, P.A.*, for appellant.

*Robert H. Smith*, for appellee Kerman Eric Jackson and Janice Faye Gabriel.

*Hale, Young & Green*, for appellee the Estate of Kerman A. Jackson, Deceased.

Tom Glaze, Justice. This case involves the construction of Kerman Jackson's will. Kerman Jackson died on March 13, 1986, and was survived by four children, Janice Gabriel, Kerman Jackson, Fannie Mobley and Barbara Conover. Barbara Conover suffered from encephalitis (inflammation of the brain) and was dependent on her father before his death. Apparently, for this

reason, a trust was provided for Barbara in the residuary clause of Jackson's will. Barbara Conover was the sole beneficiary of this trust, and her bills were paid out of the trust money by her sister, Fannie Mobley, as trustee and the executrix of their father's estate. Under this residuary provision, the residuary trust for Barbara was to terminate upon her death, and the proceeds were to be divided among the decedent's other three children per stirpes. The residuary provision in the will stated specifically that none of the lawful descendants of Barbara Conover shall take any part of the estate or trust property.

A separate provision of the decedent's will is in question in this appeal. That provision involved a bequest of Jackson's stock in the Grady W. Jones Company, which was to be divided equally among his four children, per stirpes. On agreement of the four children, the stock was sold after Jackson's death, and each child received $62,000, the distributions being made on September 29, 1988, February 1, 1989 and April 18, 1989. Barbara Conover's distributive share was put into the Conover residuary trust.

While her father's will was still being probated, Barbara Conover died intestate on July 18, 1989. Her daughter, Lisa McNabb, as administratrix of her mother's estate, filed a complaint for turnover of assets against Fannie Mobley, as executrix of Jackson's estate and against Barbara's brother and two sisters individually. In denying McNabb's claim, the probate court found that the intent of the testator, Jackson, was that the children of his daughter, Barbara Conover, not take under any part of his will.

On appeal, McNabb argues the stock was a specific legacy bequeathed to Jackson's four children per stirpes and Barbara's share from the sale of the stock should have been given directly to her and upon her death, to her estate. In other words, under the terms of the Jackson's will, the stock proceeds were wrongly put in the Conover residuary trust. We agree. Therefore, we reverse and remand for Barbara's distributive shares to be made pursuant to our holding.

■ First, we briefly dispose of the appellees' argument that Barbara had waived her right to protest the distribution of the stock sale proceeds when her father's will was being probated. The record shows otherwise. Barbara consented to the sale of the

stock and signed a waiver of appearance and notice to the probate hearing, but there is no showing that she agreed or consented to her share of the stock sale proceeds being put in the residuary trust. Further, we do not find the fact that she used the money in the trust for her living expenses persuasive that she waived anything. Clearly, the testamentary trust was established for that purpose under the residuary clause in Jackson's will, which contained the majority of his estate. And furthermore, there was no showing that Barbara's living expenses came from the stock sale proceeds instead of the money placed in the trust by the residuary clause. Lastly, in support of their waiver argument, the appellees argue Barbara willingly gave the residuary trustee money she received from her father's IRA to be put in the trust fund. We fail to see how that act showed Barbara consented to the stock sale proceeds being placed in the trust, especially when witnesses, including her sister, Janice, testified that she voiced anger to such placement.

■ Under Ark. Code Ann. § 28-53-110(d) (1987), a suit to recover property improperly distributed or money improperly paid is barred three years after the decedent's death or two years after the time of distribution of the payment, whichever last occurs. Under the facts of this case, the last distribution of the stock sale proceeds was made on April 18, 1989, and McNabb, as administrix of Barbara's estate, filed her suit on October 11, 1989. Thus, we conclude that Barbara never waived her right to protest the improper distribution of the money from the stock sale and that McNabb's action challenging that distribution was timely.

■ Now, we address the construction of the Jackson will, which is the gist of this appeal. We have stated that the paramount principle in the interpretation of wills is that the intention of the testator will govern. *Motes/Henes Trust* v. *Motes*, 297 Ark. 380, 761 S.W.2d 938 (1988). The intention of the testator is to be gathered from the four corners of the instrument, itself, considering the language used and giving meaning to all of its provisions, when possible to do so. *Armstrong* v. *Butler*, 262 Ark. 31, 552 S.W.2d 452 (1977). The will is to be liberally construed. *Motes*, 297 Ark. 380, 761 S.W.2d 938. Only when there is uncertainty as to the testator's intentions from looking at the language used in the will, may the court read the

language employed by the testator in the light of circumstances existing when the will was written. *Martin v. Simmons*, 250 Ark. 774, 467 S.W.2d 165 (1971). However, oral testimony is admissible only for the purpose of showing the meaning of the words used in the will when they are ambiguous, and not to show what the testator intended, as distinguished from his expressed words. *Armstrong*, 262 Ark. 31, 553 S.W.2d 453.

Keeping these rules of construction in mind, we must interpret the following language from Jackson's will:

ARTICLE IV

*BEQUESTS*

B.    If my wife, Georgia Helen Jackson, predeceases me then I give, devise and bequeath my stock in Grady W. Jones Co. to my children (Barbara Ann Conover, Little Rock, Arkansas; Janice Faye Gabriel, Sherwood, Arkansas; Kerman Eric Jackson, Jackson, Mississippi; and Fannie Lou Mobley, Pine Bluff, Arkansas) in equal shares per stirpes, provided however I direct that my son, Kerman Eric Jackson shall have the option for a period of one year after my death within which to purchase from three sisters of their decendants their shares of said stock and interest at the then book value of said shares of stock or interest.

C.    If my wife . . . predeceases me then I give, devise and bequeath; one-fourth ($\frac{1}{4}$) of my gross estate (which has not been distributed in Article IV Paragraph B of this Will) to Janice Faye Gabriel; one-fourth ($\frac{1}{4}$) of my gross estate (which has not been distributed in Article IV Paragraph B of this Will) to Kerman Eric Jackson; one-fourth ($\frac{1}{4}$) of my gross estate (which has not been distributed in Article IV Paragraph B of this will) to Fannie Lou Mobley; and one-fourth ($\frac{1}{4}$) in trust, to the trustee named in Article II of this Will, for the uses and purposes hereinafter set forth: . . .

\*       \*       \*

5.    If Barbara Ann Conover is deceased prior to the termination of this Trust, then the Trustee shall

distribute the principal and any accumulated income thereon to my other children . . . per stirpes. In making this distribution it is my intent that none of the lawful descendants of Barbara Ann Conover shall at any time take any part of my estate or the trust property or income thereon.

■■ In reviewing the above provisions, we believe that the intent of the testator is clear. The testator made a specific legacy of his shares of stock to his children in paragraph B of the will. A specific legacy or devise is a gift by will of a specific article or part of a testator's estate which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by delivery of the particular thing. *See Holcomb* v. *Mullin*, 167 Ark. 622, 268 S.W. 32 (1925). Since the testator's wife predeceased him, the bequest in paragraph B states that the stock goes to his four children in equal shares per stirpes. Further, an option was given to his son for a year to purchase from his sisters or their descendants their shares of the stock. Clearly from this language, the testator intended Barbara to receive her one-fourth interest in the stock, which would pass to her children upon her death.

Such an interpretation is not contrary to other provisions contained in the residuary clause, paragraph C, of Jackson's will. In those provisions, the testator clearly expressed his desire that one-fourth of his gross estate to be put into trust to care for his daughter Barbara during her lifetime. After her death, the money was not to go to her children but was instead to be divided among her brother and sisters per stirpes. The testator again made his intent clear by stating. "In making *this distribution* it is my intent that none of the lawful descendants of Barbara Conover shall at any time take any part of my estate or the trust property or income thereon." The words "this distribution" refer only to the distribution of his gross estate as provided by the residuary clause. The specific bequest of the stock is not mentioned, and in fact in the language describing the interest to be transferred to the testator's other children, the following qualifying language is used, "which has not been distributed in Article IV Paragraph B of this Will." In sum, from our reading of the four corners of the will, the testator intended that the specific bequest of stock be treated differently from his residuary clause. If this were not the case, then the specific bequest provision in the will would have been meaningless.

■ We note that oral testimony was heard by the probate judge concerning the intent of the testator. However, because the terms of the will are not ambiguous, it was error for the trial court to consider extrinsic evidence when interpreting the will. However, even if we were to agree that the will was ambiguous, we believe the testimony heard by the probate judge, especially from attorney, William Marshall, who wrote the will, clearly supports our construction of language and provisions contained in the Jackson will.

For the reasons stated above, we reverse and remand.