46

Joel S. GIFFORD, Jr. *v.* ESTATE OF Mary Ella
GIFFORD, Deceased

90-292                                    805 S.W.2d 71

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*Paul Petty* and *Robert Meurer*, for appellant.

*Lightle, Beebe, Raney, Bell and Hudgins*, by: *Robert Hudgens*, for appellee.

STEELE HAYS, Justice. The question for decision is whether a memorandum in the handwriting of the testatrix was incorporated into her will by reference. The probate judge found that it was. We sustain that finding.

Mary Ella Gifford died on February 26, 1989. Mrs. Gifford's daughter, Julia Gifford Haines, proffered four instruments as the decedent's last will and testament: a two page handwritten note dated January 1980, another handwritten note, also in two pages, dated June 1986; a typewritten will dated July 2, 1986; and a typewritten codicil dated November 21, 1986. The probate judge accepted all four as constituting the last will of Mrs. Gifford. By this appeal, Mrs. Gifford's son, Joel S. Gifford, Jr., challenges only the admission of the January 1980 memorandum.

Appellant maintains the January 1980 note was not incorporated by reference into his mother's will and that she intended to revoke the bequests made in the note. Gifford argues it was her intent for her estate to be distributed in accordance with the June 1986 note, the will and the codicil.

■■ While we review probate matters de novo, we will not reverse the findings of probate courts unless clearly erroneous. *Mangum* v. *Estate of Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990). In the interpretation of wills the cardinal principle is that the intention of the testatrix governs. In re *Estate of Conover* v. *Mobley*, 304 Ark. 268, 801 S.W.2d 299 (1990). That intention is to be gathered from the "four corners" of the instrument and by giving meaning to the provisions in their entirety, if possible. *Id.* Thus we look to the relevant portions of all four writings to determine whether Mrs. Gifford intended the January 1980 note to be a part of her will.

The incorporating language of the will reads as follows:

> Having survived my husband, Joel S. Gifford, Sr., and being mindful of his desires, it is my intention herein to equally divide our properties which passed to me at his death in equal shares to our beloved children.

> I first direct my Executrix hereinafter appointed to carry out the provisions of the handwritten bequest, which I have attached hereto and which was prepared by me in June of 1986, relative to items of personal property, which I want each of the children to receive.

> Secondly, I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed, to my said children, Julia M. Gifford Haines and

Joel S. Gifford, Jr., share and share alike. If either of them, however, shall predecease me, then the share herein devised to them shall go to their children and likewise in equal shares.

The codicil, executed some five months later, has the identical provision except that it contains four specific bequests: $5,000 to Mrs. Gifford's former daughter-in-law, $2,000 to the First United Methodist Church of Rose Bud, $500 to the Baptist Church of Rose Bud and $500 to Ouachita Baptist University.

■ Ark. Code Ann. § 28-25-107 (1987) provides that any writing in existence when a will is executed may be incorporated by reference if the will's language manifests such interest and describes the writing sufficiently to identify it. The writing must either be in the handwriting of the testator or be signed by her and must describe the items and devisees with reasonable certainty.

It is undisputed that the June 1986 writing was incorporated by reference and while the January 1980 note is not specifically identified in the will, it was in existence when the will was executed, and is unmistakeably connected to the 1986 writing. The two writings are physically attached to the will itself and their combined four pages are numbered by page, 1, 2, 3 and 4. Pages 1 and 2 are the 1980 memorandum and pages 3 and 4, the 1986 memorandum. Both deal with various items of personalty, primarily household and personal effects, and are clear and specific as to item and devisee. Moreover, the 1986 writing specifically refers to "earlier lists of 1973, 1976 and 1980," noting that some items might be duplicated on the several lists. The June 1980 note bears the caption, "1st section of bequests 1973, 1976 & 1980," removing any doubt that the 1986 note refers to the January 1980 note. Both notes are entirely in Mrs. Gifford's handwriting and conclude with her signature. That, plus their physical attachment to the will, their pagination and the express allusion of one to the other satisfies us entirely that the probate judge ruled correctly.

■ Nor are we persuaded by the argument that language in Mrs. Gifford's will revoking "all wills and codicils heretofore made by me at any time," operates to nullify the 1980 note. It would strain the common understanding of those words to label the 1980 memorandum a "will" or a "codicil" and such a

rationality would stigmatize the 1986 memorandum as well. We regard the revocation clause, which is incorporated in wills almost by rote, as having reference to formal testamentary instruments, as opposed to the types of writings likely to be incorporated by reference.

Finding no merit in the points argued for reversal, we affirm the order appealed from.

HOLT, C.J., and BROWN, J., not participating.