230 ■

Sharon Kay Riddell ACKLIN, Ronald Leland Riddell and
Sharon Kay Riddell Acklin, as Trustee for the Benefit of
Douglas Allen Riddell *v.* Verna Jean RIDDELL, Executrix
of the Estate of Alvin Leland Riddle, Deceased

CA 92-867            856 S.W.2d 322

Court of Appeals of Arkansas
En Bank
Opinion delivered June 30, 1993
[Rehearing denied August 18, 1993.*]

---

*Pittman, Mayfield, and Rogers, JJ., would grant rehearing.

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre*, for appellants.

*Boswell, Tucker & Brewster*, by: *D. Derrell Davis*, for appellee.

JOHN B. ROBBINS, Judge. This is an appeal from a judgment of the Saline County Probate Court which denied a petition seeking to require the beneficiary of decedent's life insurance to account for the insurance proceeds as an asset of the decedent's probate estate. We find no error and affirm.

Alvin Leland Riddell died testate on February 19, 1991, survived by his wife, Verna Jean Riddell (who, as executrix, is appellee), and three adult children from an earlier marriage: Sharon Kay Riddell Acklin, Ronald Leland Riddell, and Douglas Allen Riddell (appellants). The decedent was a retired employee of Southwestern Bell Telephone Company through which he had $42,000.00 of group life insurance.

The decedent's will was prepared by an attorney and was executed by the decedent in the attorney's office shortly after 11:00 a.m. on Friday, March 25, 1988. The will nominated

decedent's wife, Verna Jean Riddell, as executrix, and directed her to pay all claims of his last illness, funeral expenses, and other debts that he owed at the time of his death from the group life insurance proceeds. The will directed that the life insurance proceeds remaining after payment of these debts be distributed one-fourth each to his surviving wife, Verna Jean Riddell, his daughter, Sharon Kay Riddell Acklin, his son, Ronald Leland Riddell, and to Sharon Kay Riddell Acklin as trustee for Douglas Allen Riddell, decedent's disabled son.

Within an hour of executing his will, the decedent drove to the office of Roy Bishop, Mayor of Bryant, Arkansas, where he signed a beneficiary designation form for his group life insurance policy at Southwestern Bell. Bishop witnessed his signature on the form. This beneficiary designation form listed Verna Jean Riddell as the only person under the category "Primary Beneficiaries," and Sharon Kay Riddell Acklin, Ronald Leland Riddell, and Douglas Allen Riddell under the category "Contingent Beneficiaries." On April 4, 1988, the beneficiary designation form was filed with Southwestern Bell. On March 26 and 27, 1988, the decedent completed seven (7) separate hand-written lists which directed the disposition of items of personal property, "auto parts and tools," which he owned, in accordance with the provisions of his will.

After the decedent's death, Verna Jean Riddell petitioned the Saline County Probate Court which admitted decedent's will to probate and appointed her as executrix. She applied for the group life insurance proceeds as the designated beneficiary and received $42,000.00. She did not account for these proceeds as an asset of the estate in her probate inventory.

The probate estate was insolvent, i.e., there were insufficient assets in the probate estate to pay the decedent's debts, administrative expenses and widow's allowances. Appellee petitioned for authority to sell the miscellaneous items of tools and equipment valued at $1,393.00 at private sale to provide funds to pay allowances to herself as surviving spouse and to apply toward the administrative expenses of the estate.

The appellants filed an objection and cross-petitioned for a partial accounting and distribution of property. They claimed that appellee received the $42,000.00 in group life insurance

proceeds in her representative capacity, as Executrix. They contended that the decedent's will controlled the disposition of the insurance proceeds and that Sharon Kay Riddell Acklin and Ronald Leland Riddell were entitled to receive the items of personal property devised to them in the respective hand-written lists left by their father, and objected to those items being sold at private sale.

When these matters were presented to the court at hearing, appellee maintained that the provisions of the beneficiary designation form were clear and unambiguous, and objected to the introduction of any extrinsic or parol evidence as to the decedent's intent regarding the disposition of his life insurance proceeds. The appellants maintained that a latent ambiguity existed as between the dispositive terms of the decedent's will and the beneficiary designation form and that parol and extrinsic evidence was admissible to establish the decedent's true testamentary intent regarding the disposition of the life insurance proceeds. The trial court sustained appellee's objection to the appellants' attempt to introduce parol and extrinsic evidence on the question of the decedent's testamentary intent regarding the disposition of the group life insurance proceeds. The court, however, allowed appellants to proffer the parol and extrinsic evidence.

On April 6, 1991, the trial court entered an order holding that the terms of the decedent's will took effect at his death, not at the time it was executed, and that there was no ambiguity between the terms of the decedent's will and the beneficiary designation form. The court found that the decedent determined, nearly three years prior to his death, how he wanted to dispose of his insurance proceeds and this was after he executed his will. It held that the decedent's group life insurance proceeds were not part of the decedent's estate and belonged to Verna Jean Riddell. The court further ordered that decedent's miscellaneous personal property be sold and the proceeds applied to the expenses of the estate.

On appeal, appellants argue that the probate judge erred in refusing to allow parol and extrinsic evidence to determine the decedent's actual intent for the disposition of his group life insurance proceeds and in refusing to find that decedent's will

superseded the beneficiary designation form.

Admittedly, the will and the beneficiary form are contradictory. However, when construing a testamentary document to arrive at the testator's intention, one does not look at the intention that existed in the testator's mind at the time of the execution, but that which is expressed by the language of the instrument. *Mills Heirs v. Wilie*, 250 Ark. 703, 466 S.W.2d 937 (1971). A testator's intention should be ascertained from the instrument itself and given its expressed intent. *Ware v. Green*, 286 Ark. 268, 691 S.W.2d 167 (1985). Parol evidence is admissible only for the purposes of showing the meaning of the words used in the will when they are ambiguous, and not to show what the testator intended as distinguished from his expressed words. *Armstrong v. Butler*, 262 Ark. 31, 553 S.W.2d 453 (1967). When one expresses his intention in a written instrument in clear and unambiguous language, it is our duty to construe the written agreement according to the plain meaning of the language employed. *C. & A. Constr. Co. v. Benning Constr. Co.*, 256 Ark. 621, 509 S.W.2d 302 (1974). When the decedent designated his wife as primary beneficiary and his children as secondary beneficiaries on the beneficiary designation form, he clearly indicated his intention that any interest his children might have in the proceeds of the insurance was subordinate to the interest of his wife. Since the beneficiary designation form was not ambiguous, parol and extrinsic evidence was inadmissible to alter the decedent's expressed intent. *Newman v. First Nat'l. Bank, Harrison*, 285 Ark. 52, 685 S.W.2d 147 (1985). This court cannot rewrite the beneficiary designation form and cannot engage in conjecture or speculation. The trial judge did not err in refusing to admit extrinsic evidence to vary the terms of the beneficiary designation form.

Appellants argue that the decedent's will and beneficiary designation form must be considered together in order to determine the testamentary intent of the decedent, and that his intention as expressed in his will supersedes the beneficiary designation form. Appellee submits that the provision in the beneficiary designation form naming the decedent's wife as primary beneficiary controls because the form was executed after the execution of the will and, therefore, constituted the decedent's last expression on the subject. The probate judge relied strictly

upon the terms of the beneficiary designation form which by its expressed terms made a disposition of the life insurance proceeds that was different from the disposition made in the decedent's will. The judge found that the terms of the beneficiary designation form controlled because it was executed after the decedent executed his will.

■  This is not an action in chancery seeking reformation of the beneficiary designation form. However, even if appellants had done so, the only conceivable basis to support a reformation would be on the basis of mistake. However, the only party to this insurance contract who may have been mistaken was the decedent. There was not even a suggestion within the proof, admitted or proffered, that the insurance company was mistaken, nor that the insurance company or any beneficiary induced a mistaken belief on the part of the decedent. Courts may reform written instruments only where there has been a mutual mistake of fact, or where there has been a mistake by one of the parties accompanied by fraud or other inequitable conduct by the remaining party. *Turney* v. *Roberts*, 255 Ark. 503, 501 S.W.2d 601 (1973).

■  Appellants argue that since the beneficiary designation form was signed within an hour of the will's execution, the general rule of law in Arkansas that a beneficiary designation may be changed by a later executed will should apply. Appellants cite as authority for such general rule *Allen* v. *First National Bank of Fort Smith*, 261 Ark. 230, 547 S.W.2d 118 (1977); *Pedron* v. *Olds*, 193 Ark. 1026, 105 S.W.2d 70 (1937); and *Eickelkamp* v. *Carl*, 183 Ark. 1155, 104 S.W.2d 814 (1937). While these cases and *Clements* v. *Neblett*, 237 Ark. 340, 372 S.W.2d 816 (1963) recognize that a change of beneficiary can be accomplished by will, it appears that apart from the situation where the policy's designated beneficiary predeceased the insured, Arkansas and Arizona constitute the small minority of states which so hold. *See Doss* v. *Kalas*, 94 Ariz. 247, 383 P.2d 169 (1963); and Wanda Ellen Wakefield, Annotated, *Effectiveness of Change of Named Beneficiary of Life or Accident Insurance Policy By Will*, 25 A.L.R. 4th 1164 (1992). Furthermore, in each instance where this power to change a beneficiary by will has been recognized, the last beneficiary designation which the insured had made in compliance with the insurance policy provisions, was prior to

execution of the will which made a contrary disposition. There has been no case in any jurisdiction where a will has been found to supersede a beneficiary designation form which was executed simultaneously with the will, or subsequent to the will; nor do we think the Arkansas rule should be further extended.

■ Appellants also objected to the appellee's request to sell the personal effects of the decedent which were left to them and others by the decedent's hand-written lists left with his will. Appellee requested authority to sell these articles of personal property to pay the statutory allowances and administrative expenses. Appellants contend that the position taken by the appellee regarding the disposition of the decedent's group life insurance proceeds defeats the estate plan established by the decedent and is totally at odds with the decedent's stated intent at the time of the execution of both the will and the beneficiary designation form. Arkansas Code Annotated § 28-50-106 (1987) provides the order for the classification and payment of claims. Arkansas Code Annotated § 28-50-113 (1987) provides, in part, that if the estate is insolvent the court shall direct the application of the assets of the estate to the payment of claims of the several classes in accordance with the order of priority set forth in Ark. Code Ann. § 28-50-106. Since we affirm the decision of the probate judge, regarding the life insurance, and the estate is insolvent, we also find that the probate court correctly ordered the estate asserts sold to pay claims and expenses of administration.

We affirm.

PITTMAN, MAYFIELD, and ROGERS, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I respectfully dissent. I think that, on the facts of this case, the probate court should have considered the proffered extrinsic evidence in order to determine the true intent of the decedent regarding the disposition of his life insurance proceeds.

The decedent executed his will in his attorney's office in Benton on March 25, 1988. The will clearly provided that the proceeds from the decedent's life insurance policies first be used to pay certain expenses and that the remainder then be divided equally between his wife (appellee) and his three children from a

former marriage (appellants). Immediately upon leaving his attorney's office, the decedent drove to the Bryant, Arkansas, mayor's office. There, within approximately *one-half hour* after executing his will, the decedent signed a beneficiary designation form covering the same insurance proceeds. This form, however, provided for a different disposition of the proceeds: it designated the decedent's wife as "primary" beneficiary and his three children as "contingent" beneficiaries. All parties agree, as do I, that neither document, standing alone, is ambiguous.

When appellee, individually, claimed all of the insurance proceeds upon the decedent's death, appellants objected noting the conflict between their father's will and the beneficiary designation form. The probate court essentially held that, because the beneficiary designation form was executed "after" the will, the beneficiary designation form must control. Finding that form unambiguous, the court refused to consider extrinsic evidence of the decedent's true intent regarding disposition of the insurance proceeds.

Appellee's attorneys, and apparently this court's affirming judges, take the position that the same result would obtain had the decedent executed the beneficiary form *thirty seconds* after executing the will while still seated across the desk from his attorney. This is taking the concept of "last expression" too far. In the law of contracts, it is clear that when the parties' agreement is embraced in two or more written instruments, all of the instruments must be considered together to determine the intent of the parties. *See Lindell Square Limited Partnership* v. *Savers Federal Savings and Loan Assoc.*, 27 Ark. App. 66, 766 S.W.2d 41 (1989); *Integon Life Insurance Corp.* v. *Vandegrift*, 11 Ark. App. 270, 669 S.W.2d 492 (1984). In my opinion, this same idea should be applicable to a situation where, as here, two instruments of a testamentary nature, executed contemporaneously,[1] each purport to provide for the disposition of the same asset. While the will and beneficiary form in this case are unambiguous when either is read individually, they directly conflict when read together, and extrinsic evidence should be admissible to deter-

---

[1] While defining "contemporaneously" may at times prove difficult, under the facts of this case, I believe it clear that these two documents were so executed.

238

mine the decedent's true intent.

ROGERS, J., joins in this dissent.

MAYFIELD, J., joins in the result reached in this dissent.