Myrtle CLEVELAND, et al. *v.* ESTATE of Ezra E. STARK, Deceased

96–152                                                                 923 S.W.2d 857

Supreme Court of Arkansas
Opinion delivered May 28, 1996

*Tiner & Hunter*, for appellants.

*Deloss McKnight*, for appellee.

BRADLEY D. JESSON, Chief Justice. This appeal arises from the probate judge's order distributing the proceeds of the estate of Ezra

Stark. Mr. Stark died testate on December 21, 1993. Due to deficiencies in the appellants' abstract, we are unable to reach the argument presented on appeal. We therefore affirm the probate judge's ruling.

Ezra Stark executed his will in 1986. He bequeathed his property to his wife, Elizabeth Stark. However, the will provided that, should Elizabeth predecease him, his property would go to his heirs and his wife's heirs, "share and share alike." Mrs. Stark indeed predeceased her husband thereby activating the alternative disposition. On the date of Mr. Stark's death, there were in existence thirty-six heirs of Mr. Stark and three heirs of Mrs. Stark.[1]

The probate judge interpreted the "share and share alike" provision of the will to mean that one-half of the estate would be shared among Mrs. Stark's heirs and one-half of the estate would be shared among Mr. Stark's heirs. The estate's value at the time of distribution was approximately $44,000.00. The practical effect of the court's ruling is that the thirty-six heirs of Mr. Stark would divide about $22,000.00 while the three heirs of Mrs. Stark would divide the same amount. The heirs of Mr. Stark appeal from the court's ruling and argue that each individual should have received an equal share of the estate.

The abstract does not reflect that the appellants' argument was made to the probate judge. The record on appeal is limited to that which is abstracted. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). The abstract must show that the appellant has preserved his argument for the purposes of appeal. *Yates* v. *State*, 301 Ark. 424, 785 S.W.2d 199 (1990). When an appellant does not include in his abstract the basis for his argument made at the trial level, we will not reach the issue on appeal. *Stone* v. *State*, 321 Ark. 46, 900 S.W.2d 515 (1995); *Williams* v. *State*, 320 Ark. 211, 895 S.W.2d 913 (1995); *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W.2d 641 (1981). *See generally Kratzke* v. *Nestle-Beich, Inc.*, 307 Ark. 158, 817 S.W.2d 889 (1991); *Whitlock* v. *Smith*, 297 Ark. 399, 762 S.W.2d 782 (1989).

We are also concerned that the abstract of the will does

---

[1] The abstract is unclear on the number of Mrs. Stark's heirs. It appears there may have been four instead of three. However, this point is not crucial to our discussion of the case.

not reflect the will in its entirety. Since we are asked to interpret the language of the will, and since our review is *de novo*, it is critical that we be furnished with the precise language used in the will. It is a practical impossibility for seven justices to examine a single transcript filed with this court, and we will not do so. *In the Matter of the Estate of Brumley*, 323 Ark. 431, 914 S.W.2d 735 (1996).

Affirmed.

DUDLEY, J., not participating.