William Lance McNEELY *v.* STATE of Arkansas

CA CR 95-602                                               925 S.W.2d 177

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996

*Dennis R. Morlock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of possession of a controlled substance and possession of drug paraphernalia. He was sentenced to one year in the county jail and fined $500.00 and was sentenced to six years in the Arkansas Department of Correction and fined $5,000.00, respectively. On appeal, the appellant argues that the trial court erred in denying his motion to suppress without conducting an evidentiary hearing on the motion. We affirm.[1]

The appellant filed a motion to suppress on August 16, 1994. The trial court entered an order denying the motion to suppress after the appellant did not appear at the hearing held on November 2, 1994. On appeal, the appellant contends that the trial court erred in denying his motion without conducting a hearing because the State had the burden of proving the validity of the search and seizure. However, the appellant failed to raise this objection below.

Prior to trial, the appellant's trial counsel stated:

> We have a — we filed a Motion to Suppress the marijuana and the, well, just the marijuana in this case. We were set for a hearing, I think it was about a week ago yesterday. The defendant did not show up and that Motion to Suppress

---

[1] The State asserts that we must dismiss the appellant's appeal because he did not file a notice of appeal subsequent to the entry of an amended judgment and commitment order. The initial judgment and commitment order was entered on November 10, 1994, and the appellant filed his notice of appeal on November 14, 1994. The trial court entered an amended judgment and commitment order on November 16, 1994, which did not modify the appellant's sentence but merely set out the presumptive sentence in the appropriate space on the order. However, the trial court subsequently recalled the amended commitment order. Thus, it was not necessary for the appellant to file a new notice of appeal.

was denied.

> Let me raise a Motion in Limine based largely on the same issue before the Court to deny — to suppress the introduction of the marijuana, let's see. . . based on . . . it is reported to me that Samantha Stevens was the person who opened the door and allowed the police officers into the apartment. The basis of our Motion in Limine to Suppress [is] that she had no authority to consent to the police officers to enter without a search warrant.

The appellant's argument on appeal was not made to the trial court and hence it is not preserved for appeal. *Walker* v. *State*, 314 Ark. 628, 864 S.W.2d 230 (1993). This Court does not address arguments raised for the first time on appeal. *Williams* v. *State*, 320 Ark. 211, 895 S.W.2d 913 (1995). Moreover, the proponent of a motion to suppress has the initial burden of establishing that his own Fourth Amendment rights have been violated by the challenged search or seizure. *Myers* v. *State*, 46 Ark. App. 227, 878 S.W.2d 424 (1994).

Affirmed.

PITTMAN, ROBBINS, STROUD, and NEAL, JJ., agree.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to affirm this case at this point. The appellant, who has been paralyzed and confined to a wheelchair for ten years as the result of an injury suffered when he broke his neck diving into water to save a friend, is thirty years old; lives with his mother; and smokes a little marijuana to help him live during the day and relax enough to sleep during the night. One day, while he was visiting in the apartment of his girl friend, four police officers burst into the apartment, with weapons drawn, arrested the appellant, and seized the ounce and one-half of marijuana and some drug paraphernalia he had in a bag lying beside his wheelchair.

After a trial by jury, which finally returned a guilty verdict after being read the "dynamite" instruction, the appellant was sentenced as stated in the majority opinion.

The trouble I have with this case is that appellant's attorney filed a motion to suppress which was set for hearing prior to trial but appellant did not appear, and the trial court entered an order

denying the motion. Then, when counsel made a motion at the start of the trial to suppress the marijuana seized, the court denied that motion because the appellant did not appear at the suppression hearing on the day the hearing had been set.

The majority opinion affirms the judgment based on the position that the appellant did not argue that the trial court should still hear the motion but only argued the merits of the motion. The appellant contends that his right to be free from unreasonable searches and seizures guaranteed under the Fifth Amendment to the United States Constitution, as well as his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, should afford him a hearing on his motion at some point.

In *Bell* v. *State*, 324 Ark. 258, 920 S.W.2d 821 (1996), the Arkansas Supreme Court considered a case where a police officer was not present to testify at a hearing to suppress any statements the appellant had made as the result of an interrogation at which the absent officer asked questions of the appellant. Our supreme court held that the State had the burden to produce the officer at the hearing or explain his absence. Because it did neither, the court remanded for a new hearing on the suppression motion. It did not grant a new trial and stated a new trial would only be granted if the trial court found the confession of the appellant to be involuntary.

I understand that there are different circumstances in this case and the *Bell* case, but when the question of effectiveness of counsel, basic constitutional rights, and notions of fair play are considered, I think we should follow the procedure here that was used in *Bell*.

Therefore, I dissent.