Virginia JONES, Carolyn Smalling,
and Margaret Barron *v.* Vernita ELLISON

CA 99-803                                      15 S.W.3d 710

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 3, 2000
[Petition for rehearing denied June 7, 2000.* ]

---

* PITTMAN and CRABTREE, JJ., would grant.

*J. V. Spencer, III*, for appellants.

*Compton, Prewett, Thomas & Hickey*, by: *Ted Botner*, for appellee.

OLLY NEAL, Judge. Minnie Lou Timmins died testate on September 24, 1998, leaving an estate worth more than $2,000,000. On October 27, 1998, the executor of the decedent's estate, First United Trust Company (First United), through its attorney, Michael F. Mahoney, filed a petition to construe the last will and testament of Ms. Timmins in relation to a jewelry box containing several pieces of jewelry and a handwritten note discovered in the decedent's dresser drawer. The note found in the jewelry box was handwritten entirely by the decedent and contained the following words: "I want Vernita Ellison to have these items and Snuggles." The end of the note contained the signature and date "Minnie Lou, September 29, 1997." In its petition, First United asserted that in determining the assets of the decedent's estate, it discovered the following items of tangible personal property in the jewelry box: (1) a watch on a chain; (2) one ring—one center stone—six small stones; (3) one necklace—one center stone—four small stones, (4) one engagement ring—one center stone—one side stone, (5) one wedding ring—five small stones, (6) a note. First United asserted that it was unable to determine from the decedent's will whether the property contained in the jewelry box should be distributed to the residuary beneficiaries, the appellants in this case, or whether the handwritten note was part of the will, which would require the contents of the jewelry box to be given to Vernita Ellison. On November 10, 1998, Vernita Ellison filed a response to the petition claiming that she served as a paid caretaker for the decedent and that on many occasions, the decedent made it known to her that the jewelry box in the decedent's dresser drawer contained items of jewelry as described in the petition, which were to be given to her. The appellants, Virginia Jones, Carolyn Smalling, and Margaret Barron (now deceased), filed a separate response to the petition claiming that the handwritten note did not comply with the decedent's reservation of right under Ark. Code Ann. § 28-25-107 (1987), in paragraph two of the will. Paragraph two of the decedent's last will and testament states as follows:

> I reserve the right, pursuant to Section 4 of Act 814 of the Acts of the General Assembly of the State of Arkansas for 1979 (Ark. Code Ann. 28-25-107), to make disposition of tangible personal property by attaching or associating with this Will a written, dated statement and list signed by me or in my handwriting designating the devisees of items of tangible personal property.

The appellants alleged that the handwritten note did not evidence testamentary intent as required by law in that it did not state "at my death" or other words evidencing testamentary intent. They further alleged that the note did not describe any object with reasonable certainty and that there was a patent ambiguity in the words "these items" of personal property. The appellants requested the trial court to disallow any extrinsic evidence as to the intention of the decedent and asked the trial court to grant them a summary judgment determining that the handwritten note was an ineffective testamentary disposition of the decedent's personal property.

At a hearing on these matters presented by the parties, the appellants objected to any testimony by Vernita Ellison on the ground that testimony relating to the intention of the testatrix should not be admitted into evidence. The trial court allowed Ms. Ellison to proffer her testimony and reserved its ruling on the appellants' motion for summary judgment and their objection to Ms. Ellison's testimony.

In his letter opinion dated February 24, 1999, the trial judge made the following findings:

> Mrs. Timmins knew she had a will. She also knew that the will provided that she could dispose of personal property by a separate written, signed and dated list.
>
> . . . .
>
> She may not have used the words testamentary disposition but "have" means that she wanted the items to belong to Mrs. Ellison. There is no specific list but "these items" inside the jewelry box which contained the note left no doubt as to what the items were.

On appeal, appellants first argue that the trial court erred in finding that the handwritten note found in the jewelry box described the items therein with reasonable certainty under Ark. Code Ann. § 28-25-107(b)(2) (1987). Section 28-25-107(b)(2) states that "to be admissible under this subsection as evidence of the intended disposition, the writing must either be in the handwriting of the testatrix or be signed by her and must describe the items and devisees with reasonable certainty."

Probate cases are reviewed *de novo* on the record. *Balletti v. Muldoon*, 67 Ark. App. 25, 991 S.W.2d 633 (1999). The decision of the probate court will not be disturbed unless clearly

erroneous, giving due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Vier v. Vier*, 62 Ark. App. 89, 968 S.W.2d 657 (1998). The cardinal principle in the interpretation of wills is that the testatrix's intent governs. *Gifford v. Estate of Gifford*, 305 Ark. 46, 805 S.W.2d 71 (1991). That intention is to be gathered from the four corners of the instrument and by giving meaning to the provisions in their entirety, if possible. *In re Estate of Conover v. Mobley*, 304 Ark. 268, 801 S.W.2d 299 (1990).

When construing a testamentary document to arrive at the testatrix's intention, one does not look at the intention that existed in the testatrix's mind at the time of the execution, but that which is expressed by the language of the instrument. *Acklin v. Riddell*, 42 Ark. App. 230, 856 S.W.2d 322 (1993). A testatrix's intention should be ascertained from the instrument itself and given its expressed intent. *Id.*

In the present case, the handwritten note found in the decedent's jewelry box stated that the decedent wanted Vernita Ellison to have her dog "Snuggles" and what she termed "these items." The parties stipulated that after Voncile Berry, Trust Officer at First United Trust Company, learned of the jewelry, she went to the decedent's home and found the jewelry box containing the note inside the dresser drawer.

The appellants argue that the note in question is uncertain because it is portable in nature and capable of being placed in any confined area by a third party, and that the appellee and her husband had "clear and unfettered" access to the decedent's home at least two days before the decedent's death. However, the abstract does not reflect that the appellants' arguments were made to the probate judge. *Cleveland v. Estate of Stark*, 324 Ark. 461, 923 S.W.2d 857 (1996). The record on appeal is limited to that which is abstracted. *Id.* The appellate court does not address arguments raised for the first time on appeal. *McNeely v. State*, 54 Ark. App. 298, 925 S.W.2d 177 (1996). Nonetheless, the testatrix recited words of testamentary intent to give Ms. Ellison her dog and the jewelry contained within the jewelry box by stating in the note that she "want[ed] Vernita Ellison to have" the items and by placing the note directly in the jewelry box with the items. Further, there was no evidence introduced reflecting that Ms. Ellison had tampered with the note left by the testatrix. The paramount principle in the

interpretation of wills is that the intention of the testatrix will govern and in the absence of fraud or deception in the execution of a will, strict technical construction of the statutory requirements is avoided in order to give effect to the testatrix's wishes. *Clark v. National Bank of Commerce*, 304 Ark. 352, 802 S.W.2d 452 (1991).

■ ■ For their next point on appeal, the appellants argue that the trial court erred in admitting the testimony of Vernita Ellison to prove the intent of the testatrix as it related to the note found in the jewelry box. However, we find no merit in this argument for two reasons. First, the abstract does not reflect that the appellants obtained a ruling on their objection to Ms. Ellison's testimony. To preserve a point for appellate review, a party must obtain a ruling from the trial court. *Vaughn v. State*, 338 Ark. 220, 992 S.W.2d 785 (1999). The burden of obtaining a ruling on a point is on the movant and any objections and questions left unresolved are waived and may not be relied upon on appeal. *Casteel v. State Farm Mut. Auto. Ins. Co.*, 66 Ark. App. 220, 989 S.W.2d 547 (1999). Secondly, the letter opinion of the trial court does not appear to have relied on Ms. Ellison's testimony in its finding that the decedent intended to dispose of the items in the note by giving them to Ms. Ellison.

For their last point on appeal, the appellants argue that the trial court erred in failing to give effect to paragraph two of the decedent's will. As previously stated, paragraph two of the decedent's last will and testament stated that the decedent reserved the right to make disposition of her tangible property by "attaching or associating" with her will "a written, dated statement and list" signed in her handwriting. In this case, although the note found in the jewelry box was not attached to the will, it was enclosed in the jewelry box with specific items that could be identified, and it listed the devisee of the items. The note was further dated and signed in the handwriting of the testatrix. In finding that Section 28-25-107 was met in this case, the trial court made the following remarks:

> On September 29, 1997, the decedent left such a note in a jewelry box along with various rings and other jewelry. The note stated: "I want Vernita Ellison to have these items and Snuggles." The facts produced at trial conclusively showed that Mrs. Timmins knew that she had a Will, and knew that the Will allowed her to dispose of personal property by a separate written, sign [sic] and dated document.

■ On these facts, we cannot say that the probate court's findings that the note should be admitted as a part of the decedent's will and that the tangible personal property listed in the note should be distributed to Vernita Ellison are clearly erroneous.

Affirmed.

HART, JENNINGS, and MEADS, JJ., agree.

PITTMAN and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I agree with the facts as stated in the majority opinion, but I am unable to agree that the handwritten note indicated granting of the property to the appellee in accordance with the statute. Ark. Code Ann. § 28-25-107 (1987) provides:

> (a) Any writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification.
>
> (b)(1) Whether or not the provisions relating to holographic wills apply, a will may refer to a written statement or list to dispose of items of tangible personal property not otherwise specifically disposed of by the will, other than money, evidences of indebtedness, documents of title, securities, and property used in trade or business.
>
> (2) *To be admissible* under this subsection as evidence of the intended disposition, the writing must either be in the handwriting of the testator or be signed by him *and must describe the items and devisees with reasonable certainty.*
>
> (3) The writing may be referred to as one to be in existence at the time of the testator's death; it may be prepared before or after the execution of the will; it may be altered by the testator after its preparation; and it may be a writing which has no significance apart from its effect upon the dispositions made by the will (emphasis added).

I simply do not believe that the writing in this case describes the items with reasonable certainty as required by statute. The note left by Mrs. Timmins stated, "I want Vernita Ellision to have these items and Snuggles (the dog)." The note was left in a jewelry box. The note does not describe anything, much less the property to be

disposed of. This writing simply is not sufficient to describe the property.

Another problem with the writing left in the jewelry box is that it could be moved to a lock box or anywhere and still carry the weight of the testatrix's signature. In my opinion, the possibility of fraud is too great to extend the meaning of the statute as far as the majority opinion does.

I would reverse.

PITTMAN, J., agrees.